PETE TELLISON v. THE STATE.

*No. 832.    Decided January 29th, 1896.*

1.  Jurisdiction—Order of Transfer—Name of Offense.

Where a case was transferred from the District Court to the County Court, and a plea to the jurisdiction was interposed because the order of transfer did not show the name and nature of the offense charged.   Held: The law does not require that when an indictment is presented, into the District Court, that the nature or name of the offense charged against the defendant shall be entered upon the minutes of said court.

2.  Keeping and Exhibiting Gaming Table and Bank—Indictment.

An indictment, which in one count charges the keeping and exhibiting of a gaming table and bank, is not duplicitous.

APPEAL from the County Court of Dallas.    Tried below before Hon. T. F. NASH, County Judge.

This appeal is from a conviction for unlawfully keeping and exhibiting a gaming table and bank for purposes of gaming, the punishment assessed being ten days' imprisonment in the county jail, and a fine of $25.

No statement necessary.

*Oeland & Smith*, and *Martin W. Littleton*, for appellant.—The court erred in overruling the defendant's plea to the jurisdiction of the court, because this case originated on indictment returned in the Criminal District Court of Dallas County, Texas, and the order transfering said cause from said Criminal District Court to this court, and the clerk's certificate thereto, shows that the indictment returned to said Criminal District Court charged said defendant with the crime of gaming, and the indictment accompanying said certificate and the indictment herein charges said defendant with unlawfully keeping and exhibiting, for the purpose of gaming, a gaming table and bank.

2.    Because the indictment mentioned in said certificate of transfer charges no offense.

Before the County Court can acquire jurisdiction over a defendant indicted, there must be a proper transfer from the District Court.

The certificate of transfer stated that this defendant was indicted for gaming, while the indictment showed that the defendant was charged with keeping and exhibiting a game.   The defendant filed his plea to the jurisdiction.   This was overruled by the court, and the defendant saved his bill of exceptions.   Brumley v. State, 11 Tex. Crim. App., 115; McDonald v. State, 7 Tex. Crim. App., 114; Donaldson v. State, 15 Tex. Crim. App., 25; Mitten v. State, 24 Tex. Crim. App., 349.

Because the court erred in overruling defendant's exceptions and motion to quash the indictment herein because the same is duplicitous in that it charges in one count two separate and distinct crimes against this defendant, to-wit: keeping a gaming table and bank, and exhibiting a gaming table and bank.

An indictment which charges a continuous and non-continuous offense in the same count is duplicitous.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant was tried and convicted under an indictment charging him with unlawfully keeping and exhibiting a certain gaming table and bank for the purpose of gaming. The appellant presented a plea to the jurisdiction of the court, on the ground that the order of transfer was not sufficient, in that it did not show, from the minutes of the District Court, the name or nature of the offense charged against the appellant. The court overruled the plea to the jurisdiction. Appellant excepted, and assigns the action of the court as error. As we understand it, the law does not require that, when an indictment is presented into the District Court, there shall be put upon the minutes of the said court the nature or name of the offense charged against a defendant. See Code Crim. Proc., Arts. 415, 437; Bohannon v. State, 14 Tex. Crim. App., 271; Hasley v. State, Id., 217; Tyson v. State, Id., 388; Spear v. State, 16 Tex. Crim. App., 98; Steele v. State, 19 Tex. Crim. App., 425; De Olles v. State, 20 Tex. Crim. App., 145; Rowlett v. State, 23 Tex. Crim. App., 191. The motion to quash the indictment in this case was correctly overruled, and the indictment is not duplicitous, as contended. See Campbell v. State, 2 Tex. Crim. App., 187; Parker v. State, 13 Tex. Crim App., 213; Webb v. State, 17 Tex. Crim. App., 205. The judgment of the lower court is affirmed.

*Affirmed.*