MAUDE HOWARD v. THE STATE.

No. 2307.　Decided May 7, 1902.

**1.—Bill of Exceptions Filed After Adjournment—Practice on Appeal.**

Bills of exception filed after adjournment of the term of court can not be considered on appeal.

**2.—Transfer from District to County Court—Transcript.**

The law does not require that the transcript transferring a case from the district to the county court should show the offense in the return of the indictment nor describe the offense at all.

**3.—Disorderly House—Charge—Bill of Exceptions.**

On a trial for keeping a disorderly house, the refusal of the court to charge that the jury must disregard evidence showing that defendant was authorized to sell intoxicating liquor in the house she was keeping, will not be considered in the absence of a bill of exceptions.

Appeal from the County Court of Lavaca.　Tried below before Hon. James Ballard, County Judge.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $400.

No statement necessary.

*Paulus & Ragsdale,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was charged by indictment with being a keeper of a disorderly house.　The indictment also alleges that the offense is cumulative of a previous conviction, under article 1014, Penal Code.　Upon conviction her punishment was assessed at a fine of $400.

The record shows that all of the bills of exception were filed on October 25, 1901, over four months subsequent to the adjournment of the court for the term, hence we can not consider these bills.　There is a plea to the jurisdiction of the county court on the ground that the transcript from the district court to the county court misdescribes the offense, in that it describes the same as the offense of keeping a disorderly house.　The transcript is a copy of the return of the indictment in the district court and the order transferring the same.　The law does not require that the return of the indictment or the order transferring the same to the county court should describe the offense at all. Koenig v. State, 33 Texas Crim. Rep., 367; Tellison v. State, 35 Texas Crim. Rep., 388; Malloy v. State, 38 Texas Crim. Rep., 389; Code Crim. Proc., arts. 433, 434.

Appellant asked the court to charge the jury that they must disregard evidence introduced showing that appellant was licensed to sell intoxicating liquor at the house alleged to be the house of prostitution that she was charged with keeping.　We can not consider this in the absence of a bill of exceptions.　We can readily imagine circumstances under which such testimony would be admissible.　No error appearing in the record, the judgment is affirmed.

*Affirmed.*