## JOHN BYRD v. THE STATE.

### No. 3568.    Decided June 5, 1907.

**1.—Local Option—Verdict—Reforming Judgment.**

Where the judgment in a trial for a violation of the local option law was not responsive to the verdict, it was reformed in the appellate court so as to correspond with the verdict.

**2.—Same—Allusion to Other Case—Practice on Appeal.**

Upon an appeal from a conviction of a violation of the local option law, the appellate court could not take cognizance of another case which constituted no part of the record in the case on appeal.

**3.—Same—Theory of Defense—Charge Refused—Good Faith—Mistake of Fact.**

Where upon trial for a violation of the local option law, the evidence showed that the prosecuting witness ordered a quart of whisky through the defendant on the date charged, and that defendant received such order to forward same to be filled by a certain party outside of local option territory, which the latter agreed to fill; and thereafter in due time the defendant was informed that said whisky had arrived, and defendant relying on said information delivered a quart of whisky to said prosecuting witness in good faith, believing it to be the whisky ordered, the court should have submitted a requested charge on this phase of the case.

**4.—Same—Pleading—Proof—Different Elections.**

Where the information charged a violation of the local option law in a certain territory voted on and passed in 1903, the State was required to prove the same as alleged, and when the defendant showed that said law was abrogated by an election on local option in the same territory in 1906, a prosecution under the law of 1903 could not be maintained.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brunfield.

Appeal from a conviction of a violation of the local option law;

penalty, a fine of $25 and twenty days confinement in the county jail. The opinion states the case.

*Coffee & Baker,* for appellant.—Where one laboring under a mistake as to a particular fact does an act that would not be criminal were he correct in his belief as to the fact about which he is mistaken, he is guilty of no offense unless the mistake of fact arises from a want of proper care on his part. Patrick v. State, 45 Texas Crim. Rep., 587; Mayne v. State, 86 S. W. Rep., 329; Uloth v. State, 87 S. W. Rep., 822. On question of two different elections: Raby v. State, 42 Texas Crim. Rep., 56.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of violating the local option law. The facts in this case show that appellant was working for Bart Carnes, whose case was affirmed during the present term of this court for selling intoxicating liquors. The evidence in this case makes out a clear case of a sale. Appellant raises divers and sundry questions, but after a most careful perusal of all of them, we find there is no merit in any of appellant's insistences. The law is regular, the indictment is in proper form, and the evidence shows a clear violation of the law from the State's standpoint; the charge of the court is correct.

An examination of the judgment in this case shows that the jury's verdict found appellant guilty and assessed his punishment at a fine of $25 and twenty days imprisonment in the county jail, but through inadvertence the clerk in writing up the judgment assessed the fine of $100, and all costs of this prosecution. The judgment should have been responsive to the verdict, and under the authorities of this court we hereby reform same in accordance with said verdict. It is, therefore, ordered, adjudged, and decreed that the State of Texas do have and recover of the defendant John Byrd the said fine of $25 and twenty days imprisonment in the county jail, and that execution may issue against appellant for the amount of such fine and costs, and that defendant shall be imprisoned in the county jail for a term of twenty days, as provided by law, and the clerk of this court is hereby required to enter up a judgment according to this oipnion.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

#### June 28, 1907.

HENDERSON, Judge.—This case was affirmed at a former day of this term, and now comes before us on motion for rehearing.

Appellant criticises the allusion by the court, in its opinion, in stating that appellant was working for Bart Carnes, whose case was

affirmed at the present term of this court for selling intoxicating liquors. He calls our attention to the record, and shows that there is nothing in this record showing same; that he understands there was a case against one Bart Carnes affirmed at this term from another county, but not from Brown County, and he challenges the right of this court to take cognizance that it is the same Bart Carnes, or that this court can take judicial cognizance or jurisdiction in any other case to the prejudice of appellant. We note in the opinion that some allusion was made of the character suggested by appellant, but it was a mere reference. We agree with appellant that this court could not assume that it was the same Carnes, or that this court could take cognizance of another case in the trial of this, when such other case constitutes no part of the record in this case.

Appellant insists that the court, while passing in a comprehensive way upon all of the assignments, failed to single out and discuss any particular assignment, and he urges that some of the assignments relied on by him constitute reversible error. On a careful examination of the assignments we are inclined to agree to appellant's contention. We do not believe that the court presented, in the charge given, appellant's real defense, and this defense was embraced in a special charge, which was asked and refused, to which action of the court appellant excepted. Said charge is as follows: "You are instructed that if you believe from the evidence that the witness L. W. Clark ordered a quart of whisky from the defendant on the date charged and that the defendant received such order to forward to Chas. Low at Ballinger and that the defendant thereafter saw said Chas. Low and asked him to phone in said order and Low agreed to do so, and thereafter said order could have been received by due course of transportation, the witness Bart Carnes told the defendant, that said Clark's whisky had come and the defendant relying on said statement and believing same to be true, delivered the witness Clark the quart of whisky in good faith, believing it to be the whisky ordered by said Clark, or if you have a reasonable doubt as to whether such are the facts you cannot convict defendant for the delivery of the quart of whisky." This charge pertinently presented appellant's defense, and should have been given.

Appellant raises another question, which we think is fatal to this conviction. This question was brought to the attention of the court by appellant in a motion in arrest of judgment. Appellant showed to the court that the complaint and information in this case charged appellant with violating the local option law of Brown County, voted on and passed in 1903. The record introduced by the State showed the passage and adoption of local option in said County of Brown in September, 1903. Appellant in support of his motion offered to show to the court in evidence the proceedings of an election on local option held in Brown County on the 15th of September, 1906. We have examined the record of said proceedings offered by appellant in testimony (see bill of exceptions No. 10) and they appear regular and show a legal

election in said county on said 15th of September, 1906, and as subsequent declaration by the commissioners court of the result and publication thereof, all in regular and legal form, constituting a legal and valid election in said county. The object and purpose on the part of appellant by this procedure was to show that local option was in force in Brown County, by virtue of the law passed in 1906, at the time the alleged commission of the offense against appellant, and that, therefore, he could not be prosecuted under the law of 1903, which had been abrogated and superseded, and we hold that appellant's contention is correct, the State having alleged the passage and adoption of a special local option law in 1903, which was altogether unnecessary, it was required to prove same, and when appellant showed that said law was abrogated and superseded by the law of 1906, a prosecution under the law of 1903 could not be maintained. The exact question has not been before this court previously, although in several cases questions involving two elections have been before the court. This case turns purely upon a question of pleading, appellant having alleged a special law passed at a certain time, was required to prove same as laid.

The rehearing is granted, the affirmance set aside, and the judgment reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, Absent.