## Lenoria Pruitt v. The State.

### No. 4059.   Decided February 19, 1908.

**1.—Gaming—Banking Game—Monte—Charge of Court.**

Where upon trial for unlawfully betting at a gaming bank, the evidence showed that defendant and others played at a game called monte, and the court charged that if defendant bet at a gaming table or bank he would be guilty, and that monte is a banking game, there was no error.

**2.—Same—Continuance—Alibi.**

Where upon trial for betting at a game called monte defendant's application for continuance showed no diligence in securing the attendance of the absent witness the same was correctly overruled.

**3.—Same—Venue—County Line.**

Where upon trial for betting at a game of monte the evidence showed that the offense occurred about one hundred and fifty or two hundred yards from the county line of the county of the prosecution, the court correctly charged that if the offense occurred more than four hundred yards beyond said county line to acquit.

**4.—Same—Date of Offense.**

Where upon trial for betting at a game of monte the evidence was uncertain as to whether the offense charged in the information was committed at a time anterior to the filing of the affidavit and information, the conviction could not be sustained. Following Zollicoffer v. State, 43 S. W. Rep., 992.

Appeal from the County Court of Ellis. Tried below before the Hon. J. T. Spencer.

Appeal from the conviction of unlawfully betting at a gaming bank; penalty, a fine of $10.

The opinion states the case.

*W. M. Tidwell,* and *Farrar & Pierson,* for appellant.—On question of venue: Gage v. State, 22 Texas Crim. App., 123; Stone v. State, 27 Texas Crim. App., 576; Steward v. State, 31 Texas Crim. Rep., 153. On question of date of offense:   Temple v. State, 15 Texas Crim. App., 304; Kincaid v. State, 8 Texas Crim. App., 465; McCoy v. State, 3 Texas Crim. App., 399; Dovalina v. State, 14 Texas Crim. App., 324; Fields v. State, 43 Texas, 214; Zollicoffer v. State, 43 S. W. Rep., 992.

On question of continuance: Simmons v. State, 26 Texas Crim. App., 514.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant in this case was charged by complaint and information in the County Court of Ellis County, Texas, with the offense of unlawfully betting at a certain gaming table and bank, then and there kept and exhibited for the purpose of gaming, and on trial was convicted.

The complaint contains three counts. The first count alleged that appellant unlawfully bet and wagered at a certain gaming table and bank then and there kept for the purpose of gaming. The second count charged that he unlawfully played at a game with cards at a place other than a private residence, and the third count charged that he did bet and wager at a game played with cards, and at a private residence occupied by a family.

The facts show that appellant and several parties went into a pasture in Ellis County, and played at a game called "Monte." This game we understand, is played with cards, and has a banker. The court charged the jury that if defendant did bet at a gaming table or bank, he would be guilty. The court submitted the first count in the complaint only, and in terms instructed the jury that they would not consider the second and third counts in the information, and also instructed them, as a matter of law, that "Monte" is a banking game. In this there was no error. "Monte" is denominated and made by the express terms of the statute a banking game, and to play at such game is by law denounced as a crime.

Application for continuance was made by appellant for want of the testimony of one Ben Jones by whom defendant averred that he expected to prove and could prove an alibi. The court, in his qualification to the bill, states that the case was called for trial on the 10th day of July, 1907; that the witness Ben Jones was not asked for or called on the 10th, and that defendant made no effort to secure said witness, and on this ground overruled the application for continuance for the want of diligence. In this we think there is no error.

There is, we believe, testing the matter by the entire record, no question of the guilt of defendant; nor do we believe that any of the assignments, relied upon as grounds of reversal, should be sustained.

Complaint is made that the venue was not properly proved, and that the court erred in the third paragraph of his charge to the jury, wherein the court instructed the jury that if they believed from the evidence that the offense, if any, occurred more than four hundred yards beyond the Ellis County line, they would acquit the defendant. The prosecuting witness stated that the game was about as far as from here to the jailhouse northeast of the big white house. By other witnesses proof was made that the Ellis County line was about 150 or

· 200 yards northeast of the house named by the witness Bates. This we hold to be sufficient proof of venue.

Again, complaint is made that the court erred in overruling the defendant's motion for ·a new trial, for the reason that the time of the commission of the offense is not proved as laid in the information. The information was filed on the 26th day of June, 1907. The testimony as to time of the commission of the offense is somewhat indistinct. It seems that there were five Saturdays in June of 1907, the last Saturday being the 29th day of the month, and some three days after the affidavit and information were filed. The testimony of the witness is that the game was played on a Saturday night in June, 1907. In view of the fact that the affidavit and information charging the offense were filed before the last Saturday in June, 1907, we think the reasonable holding is that this general statement that the game occurred on a Saturday night in June, 1907, must have related and was intended to refer to some date antecedent thereto. Arcia v. State, 28 Texas Crim. App., 198. We still believe that as presented here, that the evidence, while somewhat indistinct, was sufficient. Under the evidence the defendant was undoubtedly guilty, and we think the judgment of the court below should be sustained.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### March 20, 1908.

RAMSEY, Judge.—On re-examination of the questions involved in this case, and comparing it with the decision in the case of Zollicoffer v. State, 43 S. W. Rep., 992, we find that the decision rendered herein is in such substantial conflict with the holding of the court in the Zollicoffer case, that to sustain the opinion in this case would in effect overrule the decision in that case. While still inclined to believe that the evidence in the case does sufficiently show that the offense charged was committed at a time anterior to the filing of the affidavit and information, yet the matter is left in such doubt that under the authority of the Zollicoffer case we do not think a conviction ought to be sustained. For this reason it is ordered that the motion for rehearing be granted, and the judgment of the court below be and the same is hereby reversed and the cause remanded.

*Reversed and remanded.*