· BUD WADE v. THE STATE.

No. 4040. Decided March 11, 1908.

1.—Local Option—Information—Precedent.

Where upon trial for a violation of the local option law, the information followed approved form and precedent there was no error. Following Key v. State, 37 Texas Crim. Rep., 77.

2.—Same—Election—Words and Phrases.

Upon trial for a violation of the local option law, there was nothing in the contention, that the order submitting prohibition used the word "whether" instead of the phrase, "whether or not."

**3.—Same—Elections—Subsequent Elections.**

Upon trial for a violation of the local option law, it was no defense that the first election upon which the complaint was based, was superseded by a subsequent election, which resulted in prohibition. Overruling Byrd v. State, 51 Texas Crim. Rep., 539; 19 Texas Ct. Rep., 300. Approving Massie v. State, 52 Texas Crim. Rep., 548.

**4.—Same—Jury and Jury Law—Challenge for Cause—Bills of Exception—Bystanders.**

Where upon appeal from a conviction for a violation of the local option law it appeared from the record that defendant's objection to the jurors and his motion to quash the entire panel for the week, because they had sat in a companion case, was not borne out by the court's explanation to defendant's bill of exceptions, the question could not be considered on appeal; defendant having made no effort to prove up his bills by bystanders.

Appeal from the County Court of Montague. Tried below before the Hon. George S. March.

Appeal from a conviction of a violation of the local option law; penalty a fine of $25, and twenty days confinement in the county jail.

The opinion states the case.

*J. W. Chancellor,* for appellant.—On question of insufficiency of information, Chenowith v. State, 50 Texas Crim. Rep., 238; 16 Texas Ct. Rep., 695; Boshard v. State, 25 Texas Supp., 304.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was tried and convicted in the County Court of Montague County on the charge of selling intoxicating liquor in said county in violation of the local option law.

There are several questions raised in this appeal. Among other contentions of the appellant is one, that the information is insufficient, in that the recitals there are but the conclusions of the pleader, and the facts are not stated which constitute a valid prohibition election. This information in substance, charges that the intoxicating liquors were sold after such sale had been prohibited in said county, and after the qualified voters thereof had, at a legal election held for that purpose, in accordance with law, determined that the sale of intoxicating liquors should be prohibited in said county; and after the commissioners court had declared the result of such election, and legally passed an order prohibiting such sale; and after due publication thereof had been made in a newspaper selected by the county judge of said county for the time and in the manner prescribed by law. The information follows the form which has frequently been approved and held good by this court. Stewart v. State, 35 Texas Crim. Rep., 391; Key v. State, 37 Texas Crim. Rep., 77.

2. It is further objected that the order submitting the question of prohibition to the vote of the people of Montague County, is defective, because instead of submitting the issue as to "whether or not" the sale of intoxicating liquors should be prohibited, it uses the word "whether"

such sale should be prohibited, omitting the words "or not." We think this objection untenable, and we have so held at the present term of the court.

3. Again, it is contended that where there has been an election held subsequent to the one under which the prosecution is charged, that the effect of the subsequent election, although it resulted in favor of prohibition, would absolutely nullify, supersede and set aside the prior election. This was the holding of the court in the case of Byrd v. State, 51 Texas Crim. Rep., 539; 19 Texas Ct. Rep., 300. That case has been in express terms overruled at the present term of court in the case of Dick Massie v. State, 52 Texas Crim. Rep., 548.

4. Complaint is next made that the court erred in refusing to sustain the motion of appellant to quash the entire panel of jurors for the week for the reason, as alleged, that they had sat in a companion case to the one here charge against appellant, and were therefore disqualified. A sufficient answer to this contention is, that the court not only declined to approve the bill of exceptions attesting the facts as claimed by appellant, but in express terms finds against the truth of appellant's contention. The trial court, after stating that these bills of exception had been submitted to the county attorney and were by him objected to, in disapproving them, proceeds as follows: "And I found that both bills of exception were incorrect in whole, that is, there was nothing offered as testimony or was there any statement of the defendant's attorney showing that he expected to offer any testimony in support of his motion, neither did he offer and make any affidavit as the one now attached to his facts as presented in said bill No. 14, and there was no such answers by the jury as he has stated in bill No. 13, and I did not know that he was claiming such stuff till he now presents these bills to me for my approval. The ordinary statutory questions were asked each member of the jury touching their qualification, and their answers were all perfectly satisfactory to me that they were in no way disqualified, whereupon I overruled motion to quash, but I did not know till now that there was any such contention on the part of defendant's attorney as he is here presenting. I cannot recall the exact questions asked to any of the jury, or what their answers were, but to the best of my recollection there was nothing similar to what is here presented. He presented no bill to me then to have the opportunity of refusing and returning to him, and I now sign this statement as his original objection to me, and make this bill of exceptions as a full and correct presentation of the ruling of the court excepted to as it actually occurred, and order the same to be filed as a part of the record in this cause, on this the 11th day of July, A. D. 1907." There was no effort made to prove up the bill by bystanders. With the record in this shape the bills of exception not approved, but with the stated and unequivocal finding of the county judge against the truth of the matters therein recited, it is manifest and obvious that we cannot consider such bills.

5. There is some little obscurity in the record as copied, about the

date of filing the motion and as to whether such motion was made, when made and when ruled upon, but, however, these matters may be, with the unequivocal finding of the trial court against the correctness of the bills tendered, we must, as we do, accept such finding of the county judge in respect to the facts stated in the bill, particularly in view of the fact that no effort was made to prove up the bills of exception by bystanders.

Finding no error in the record, the judgment of the court below is affirmed.

*Affirmed.*

[Rehearing denied.—Reporter.]