## BUD WADE v. THE STATE.

### No. 4039.   Decided March 18, 1908.

**1.—Local Option—Different Elections.**

Upon trial for a violation of the local option law, it was no defense that the election upon which the prosecution was based had been superseded and abrogated by a subsequent election; both elections resulting in prohibition. Following Massie v. State, 52 Texas Crim. Rep., 548.

**2.—Same—Elections—Words and Phrases.**

Upon trial for a violation of the local option law, where the election was attacked, because in submitting the question to a vote the order of the commissioners court should have contained the words, "whether or not" the sale of intoxicating liquors should be prohibited" instead of using the word "whether," there was no error. Following Wade v. State, 52 Texas Crim. Rep., 609.

**3.—Same—Validity of Election—Local Option Territory.**

Where upon trial for a violation of the local option law, the validity of the local option election in the county of the trial had been theretofore affirmed by the Court of Criminal Appeals, that question was settled.

Appeal from the County Court of Montague. Tried below before the Hon. George S. March.

Appeal from a conviction of violation of the local option law; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

*J. W. Chancellor,* for appellant.—On question of county judge's certificate: Ladwig v. State, 40 Texas Crim. Rep., 585, and cases cited in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.—Cited Stewart v. State, 35 Texas Crim. Rep., 391, and Key v. State, 37 Texas Crim. Rep., 77.

RAMSEY, JUDGE.—Appellant was charged in the County Court of Montague County with the offense of selling intoxicating liquors in violation of the local option law, and on trial was on the 17th day of June, 1907, convicted and his punishment assessed at a fine of $50 and thirty days confinement in the county jail.

Practically all the questions raised on the trial have been during the present term of the court, decided adversely to appellant. Among

other assignments, it is contended by appellant that the court erred in permitting him to be prosecuted under the local option law as voted in 1904, for the reason that the record showed that there had been a subsequent valid election in 1906, both elections resulting in favor of prohibition, and the case of Byrd v. State, 51 Texas Crim. Rep., 539; 19 Texas Ct. Rep., 300, is invoked as authority to sustain this position. This case has been overruled during the present term of the court in the Dick Massie case, and need not be further considered.

Again, it is urged that the election is invalid for the reason in submitting local option to the vote of the people of Montague County it was indispensable that the order should submit the question as to "whether or not" the sale of intoxicating liquors should be prohibited, and that in the order passed authorizing such election, the said order provided that an election should be held to determine whether the sale of intoxicating liquors should be prohibited. We have had occasion to pass on this question during the present term of the court in the case of Bud Wade v. State, 53 Texas Crim. Rep., No. 4040, in which we have held adversely to the contention of appellant.

The only other questions arising in the record are those calling in question the validity of the local option election in Montague County. We have held in several cases, decided at this term, that local option was legally adopted in said county, and that the proceedings had therein were not for any reason irregular, nor the election itself invalid.

There being no error in the record, the judgment of the court below is affirmed.

*Affirmed.*