P. J. JOHNSON v. THE STATE.

No. 3870.    Decided April 22, 1908.

1.—Local Option—Elections—Evidence.

Upon trial for a violation of the local option law, where the defendant offered testimony that the election upon which the information was based had been superseded and abrogated by a subsequent election which also resulted in prohibition, which testimony was rejected by the court. Held, there was no error. Following Massie v. State, 52 Texas Crim. Rep., 548; 107 S. W. Rep., 846.

2.—Same—Misconduct of Jury—Defendant's Failure to Testify—Practice in County Court.

Upon trial for a violation of the local option law, where the defendant in his motion for new trial set up the misconduct of the jury in alluding to defendant's failure to testify in their deliberations, and asked that the jurors be

sworn as witnesses and placed under the rule, but the court caused them to be sworn and placed in the jury box and examined as witnesses, and but one juror testified that he believed there was something said about it, but did not remember what it was; and another juror testified that he did not remember that anything was said about defendant's failure to testify, but that he himself thought about it; and all of the jurors testified that if anything was said about this that it had no influence upon their verdict, there was no reversible error. Following Smith v. State, 52 Texas Crim. Rep., 344; 106 S. W. Rep., 1161.

Appeal from the County Court of Haskell. Tried below before the Hon. Joe Irby.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and forty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

F. J. McCord, Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the County Court of Haskell County on a charge of selling intoxicating liquors in violation of the local option law, and his punishment assessed at a fine of $50 and forty days confinement in the county jail.

There are only two questions presented as grounds for reversal in this case. It is alleged in the indictment that the sale of intoxicating liquors was prohibited in Haskell County by virtue of an election legally held therein on the 25th day of March, 1905. The appellant offered testimony to show that thereafter on the 31st day of August, 1907, another local option election was held in said county, which also resulted in favor of prohibition. It was the contention of appellant that this last election had the effect to absolutely supersede and nullify the earlier election in 1905, and that therefore, no prosecution could be sustained under the first election. This court had so held in the case of Byrd v. State, 51 Texas Crim. Rep., 539; 103 S. W. Rep., 863, and appellant's counsel were evidently proceeding under and relying on this holding of this court. That decision, however, has been expressly overruled in the case of Dick Massie v. State, 52 Texas Crim. Rep., 548, 107 S. W. Rep., 846, and on the authority of the last named case we hold that the court below committed no error in excluding from the jury the proceedings in respect to the local option election held in 1907.

The next ground for reversal is that the court erred in refusing to allow the appellant to introduce the jurors who tried the case as witnesses to establish the fact that while they were deliberating upon this cause they discussed the failure of the defendant to testify in his own behalf. It is made to appear by bill of exceptions that the defendant in order to establish and prove said allegation in his motion for a new trial had summoned in his own behalf by proper legal process, the six jurors who served on the trial of his case; that when said motion came on to be heard the said six jurors were in attendance and he tendered them to the court as witnesses in his behalf and asked the court that said witnesses

be sworn and be put under the rule and that after he had asked the court to place the jurors under the rule, the court over his protest and objection caused said jurors to be placed in a body in the jury box and caused them to be sworn to testify as witnesses concerning the matters alleged in his motion and proceeded to examine them, whereupon four of the said jurymen testified that no reference had been made in their deliberation within their hearing to the appellant's failure to testify. One juryman testified that he believed there was something said about it but did not remember what was said, and another of said jurors testified that he did not remember anything being said about appellant's failure to testify but that he himself thought about it. All of the jurors testified that if anything was said about the appellant's failure to testify that this nor the appellant's said failure to testify had any influence upon them whatever in arriving at their verdict. In the case of Dave Smith v. State, 52 Texas Crim. Rep., 344; 106 S. W. Rep., 1161, we held that a reversal should not be had in any case for the mere incidental mention of appellant's failure to testify but that before a new trial should be granted it must reasonably appear that the discussion of a failure to testify, or the jury's misconduct must be such as would or might likely have prejudiced the defendant's cause. As presented in the record, we do not believe that appellant has brought himself within that rule, which we think a sane and sound rule upon the question. There being, as we believe, no error in the record, the judgment of the court below is affirmed.

*Affirmed.*

Brooks, Judge, absent.