## LEE MORRIS v. THE STATE.

### No. 58.    Decided June 19, 1909.

### Rehearing denied November 3, 1909.

**1.—Gaming—Indictment—Pleading.**

Where the indictment charged that defendant did then and there unlawfully keep and exhibit for the purpose of gaming a gaming table and bank, the same was not duplicitous and conformed to precedent. Following Pruitt v. State, 53 Texas Crim. Rep., 316, and other cases.

**2.—Same—Charge of Court.**

Where the evidence showed that the defendant exhibited a game of monte, and that money was bet thereon, the court did not err in not submitting a charge to acquit the defendant.

**3.—Same—Charge of Court—Definition of Offense—Monte.**

Where the evidence showed that the defendant exhibited a monte bank it was not necessary to define said banking game, as the statute expressly defines monte as a banking game. Following Pruitt v. State, 53 Texas Crim. Rep., 316.

**4.—Same—Public Resort.**

Where the evidence showed that the defendant exhibited a monte game for the purpose of obtaining bets, it was not necessary to show that the game was exhibited at a place where people resorted for the purpose of gaming to make it a felony.

**5.—Same—Newly Discovered Evidence—Want of Diligence.**

Where the testimony set out in the motion for new trial was simply of an impeaching character it did not come within the rules of newly discovered evidence; besides, there was no diligence.

Appeal from the District Court of Travis. Tried below before the Hon. Chas. A. Wilcox.

Appeal from a conviction of exhibiting a banking game; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. W. Bloor,* for appellant.—On question of court's charge in failing to state that anything was bet on the game: Cole v. State, 40 Texas, 147; Barnes v. State, 37 Texas Crim. Rep., 320; McAdoo v. State, 35 Texas Crim. Rep., 603. On question of the Court's failure to define monte: Mayo v. State, 82 S. W. Rep., 515; Copeland v. State, 36 Texas Crim. Rep., 576. On question of failure to submit a charge on public resort: Hanks v. State, 54 Texas Crim. Rep., 1; 111 S. W. Rep., 402. On question of duplicitous pleading: Stearnes v. State, 21 Texas, 692; Whitney v. State, 10 Texas Crim. App., 377; Webb v. State, 17 Texas Crim. App., 205; Chappell v. State, 27 Texas Crim. App., 310; Mayo v. State, 82 S. W. Rep., 515; Lancaster v. State, 43 Texas, 519; Phillips v. State, 29 Texas, 226.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The indictment charges that appellant "did then and there unlawfully keep and exhibit for the purpose of gaming a gaming table and bank." Appellant moves in arrest of judgment because the indictment is duplicitous in that it charges appellant with keeping and exhibiting a gaming table for the purpose of gaming and that it charges him with keeping and exhibiting a bank for the purpose of gaming. This form of indictment has been sustained as being not subject to this criticism by the decisions. See Tellison v. State, 35 Texas Crim. Rep., 388; Parker v. State, 13 Texas Crim. App., 213; Campbell v. State, 2 Texas Crim. App., 187, and it is the same form of indictment found in Pruitt v. State, 53 Texas Crim. Rep., 316. We are of opinion that the indictment is not duplicitous, nor subject to criticism.

Appellant asked a special instruction to the jury to return a verdict of not guilty on the ground the evidence is not sufficient. This was refused by the court and correctly. The evidence in substance, is that appellant exhibited a game of monte at what is known as Brock's Club, that is, the club over Brock's saloon in what is called the First Ward. The testimony for the State shows that money was bet at this banking game. This was denied by appellant. There was quite a lot of testimony pro and con in regard to it, the issue being sharply drawn that appellant did exhibit and deal monte and that there was betting at the game.

It is contended that the court erred in not defining what is a banking game. We are of opinion this was not necessary, where the banking game is one enumerated and designated as such by the statute. Pruitt v. State, 53 Texas Crim. Rep., 316. The statute expressly defines monte as a banking game.

It is also contended that the court erred in not instructing the jury that the banking of, or dealing a game of monte at a place not usually resorted to for gaming is not a felony under Article 388a of the Penal Code (Acts 30 Legislature, p. 108). We do not think there is any merit in this contention. Article 388a makes it a penitentiary offense to exhibit for the purpose of gaming any policy table, any gaming table, bank, wheel or device which has no name, etc. Article 384 of the Penal Code expressly enumerates monte as a banking game. There is no question under the facts of this case that if monte was dealt, or exhibited, it was for the purpose of obtaining bets, because the parties bet at the bank under the State's testimony. This was, of course, denied by appellant but that issue was settled by the jury. There is, therefore, no merit in appellant's contention that before it would be a felony to exhibit a banking game, that it must be exhibited at a place where people resort. Of course, somebody must resort to the game in order to have a bettor when the bank is exhibited, but this is not part of the definition of the offense as it is with reference to some of the gaming laws. It is a violation of the law to

exhibit for the purpose of gaming the bank games mentioned at any place, or time. It is not necessary that it be exhibited at a place where people usually resort.

Appellant also suggests newly discovered testimony but he admits it is not within the rule laid down by the statute. The evidence is simply of an impeaching character and in fact, as the matter is presented it does not come within the rules of newly discovered evidence from any standpoint. By proper diligence the testimony could have easily been obtained if it existed.

As the record is presented to us, we are of opinion this judgment should be affirmed and it is accordingly so ordered.

*Affirmed.*

[Rehearing denied November 3, 1909.—Reporter.]