## Pedro Perez v. The State.

### No. 5147.   Decided October 30, 1918.

**1.—Gaming—Evidence—Bill of Exceptions.**

Where the relevancy of the question addressed to the witness in relation to the case is not made apparent by the bill of exceptions, and it, furthermore, appeared from the record that the witness was fully examined, there was no reversible error.

**2.—Same—Assignments of Error—Bill of Exceptions.**

Where the matters complained of should be brought up to this court by bill of exceptions, duly verified, documents in the record denominated assignments of error can not be considered on appeal.

Appeal from the District Court of Brooks.   Tried below before the Hon. V. W. Taylor.

Appeal from a conviction of gaming; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—The indictment charged violation of article 551, Vernon's P. C., making the specific allegation that appellant "did then and there unlawfully keep and exhibit for the purpose of gaming, a gaming table and bank."   The conviction was for a felony.

The evidence shows that appellant was dealing a game called "monte" and the prosecuting witness played at the game while appellant was dealing and lost money in betting.

The decisions construing the statute will be found in Vernon's Crim. Stats., vol. 1, pp. 281-282.   See Morris v. State, 57 Texas Crim. Rep., 163.

There is but one bill of exceptions which apparently relates to the refusal of the court to permit appellant to address a question to his own witness as follows: "I will ask you this question, if he says that Pedro Perez, Pancho Perez and you beat him up all they wanted and to their satisfaction, is he mistaken?"   The relevancy of this question in relation to the case is not made apparent by the bill.   The court in his qualification says in substance that he did not sustain the objection to the testimony which would have resulted from an affirmative answer, but suggested to counsel the reframing of his question and that counsel acting upon this suggestion did develop all the facts.   The bill says that the answer that was expected was as follows: "He certainly is mistaken, because I never hit or beat him at all, neither did Pedro Perez or Pancho Perez hit or beat him at all, and if he says that, it is not true."   It appears from the statement of fact that the witness

to whom the appellant addressed the question was introduced by the defendant and examined fully with reference to the various incidents of the transaction in which the gaming took place and that he stated his version of the facts to which the inquiry was directed.

There are three propositions denominated "assignments of error" signed by attorney for appellant but not verified by the court. They present no matter that would require reversal and are not presented in a manner to raise any question for review. Such matters should be brought up by bills of exception verified by the trial court or proved up by bystanders. See art. 2058, Vernon's Sayles' Civil Statutes; art. 744, C. C. P.

We find no error in the record and the judgment is affirmed.

*Affirmed.*