# OCTOBER, 1924.

---

JIM GAULT v. THE STATE.

No. 8142. Delivered October 15, 1924.

Rehearing denied March 24, 1925.

**1.—Violating Liquor Laws—Indictment—Sufficient.**

It is permissible to charge in the same count of an indictment the several means named in the statute in accomplishing the same result which is penalized under the same penalty. See numerous cases cited in this opinion. The indictment in this case correctly charged the offense denounced by the statute which embraces any premises kept for the purpose of manufacturing intoxicating liquors, whether the premises be a building, room, or place.

2.—Same—Evidence Held Sufficient.

Where the evidence disclosed that a still, some mash, and some whisky was found in a thicket, a part of a pasture on which appellant lived, and that he had acknowledged the whisky to belong to him, and had offered to sell it, the night before his arrest, it was sufficient to warrant the jury in finding that appellant was knowingly keeping such premises to be used for the purpose of manufacturing intoxicating liquor.

3.—Same—Evidence—Equipment Exhibited to Jury—Held, Proper.

Where on a trial for keeping premises as a place for manufacturing intoxicating liquor, exhibiting the still and equipment found upon the premises described, and testimony to the effect that the articles were usable for the manufacture of intoxicating liquor, was permissible. In Newton's case, 94 Tex. Crim. Rep. 383, a like procedure was sanctioned by this court.

ON REHEARING.

4.—Same—Control of Premises—Held, Sufficient.

In a prosecution for keeping premises on which intoxicating liquor is manufactured, it is not necessary that accused be shown to have the exclusive care, control or management of such premises, nor that the title to the property was vested in him. Where the testimony shows that the still, paraphernalia, etc., and whisky was in a pasture near the home of accused, and in which his house was situated, and circumstantially, that the whisky, still, etc. was owned by him, it is held sufficient to sustain the conviction, and the motion for rehearing is overruled.

Appeal from the District Court of Williamson County. Tried below before the Hon. Jas. R. Hamilton, Judge.

Appeal from a conviction for keeping and being interested in keeping premises to be used for the purpose of manufacturing intoxicating liquor, penalty, confinement in the penitentiary for one year.

The opinion states the case.

*J. F. Taulbee,* of Georgetown, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The indictment charged that the appellant "did then and there unlawfully and knowingly keep, and was then and there interested in keeping, certain premises, a building, room and place," * * * to be used for the purpose of manufacturing intoxicating liquor. Punishment fixed at confinement in the penitentiary for a period of one year. .

The sufficiency of the indictment is challenged upon the ground that it is indefinite in failing to advise whether it was intended to prove that the premises kept was a building, room or other kind of place. The indictment used the language of the statute continued in Art. 588¼00 of the Penal Code.

We understand it to be permissible to charge in the same count the several means named in the statue of accomplishing the same result which is penalized under the same penalty. Coney v. State, 2 Texas Crim. App. 62; Moore v. State, 37 Texas Crim. Rep. 552; Burt v. State, 38 Texas Crim. Rep. 440; Reum v. State, 49 Texas Crim. Rep. 128; Pruitt v. State, 53 Texas Crim. Rep. 316; Todd v. State, 89 Texas Crim. Rep. 101.

It is conceived that the criticism of the present indictment is not sound. The statute, by the same penalty, denounces as an offense, knowingly keeping any premises for the purpose of manufacturing intoxicating liquors, whether the premises be a building, room or place. No reference to the authority has been furnished comdemning the form of the present indictment; and it is believed that it is not subject to the fault mentioned. So far as the writer is aware, we have had but one occasion to discuss an indictment under this statute, and that was in the case of Morris v. State, 93 Texas Crim. Rep. 100, but that case does not touch the immediate question here under consideration.

The appellant resided on a farm which had formerly been known as the Lindsay Farm. It had been divided. A part of it was owned by a relative of the appellant named Gault. There was a division fence between the Lindsay place and the Gault farm. As we understand the record, the appellant was cultivating a part of the farm belonging to his relative and resided in a separate house which was enclosed by a yard fence. He rented part of the cultivated land. The pasture seems not to have been rented by him. In the pasture or uncultivated part of the land, in a thicket, there was found a still, some mash, and some whiskey in half-gallon jars. Circumstances indicates that the still had been operated there. If we correctly understand the statement of facts, prior to the discovery of the still the premises upon which the still was found, was visited by the witness Yates, who seems to have been acting in the interest of the sheriff of the county. He conversed with the appellant, who led him to a point which the witness as 75 or 100 yards from the Lindsay house. The appellant there pointed out to the witness eight or ten half-gallon fruit jars of whiskey. Brown, who was present, told the appellant that the witness Yates wanted to buy some whiskey. Appellant said that he had plenty and wanted fifteen dollars for it. Yates did not see any barrels or the still. His visit to the premises was made in the night time. On searching the premises soon after the visit of Yates, there was found in the thicket a still and some fruit jars containing whiskey. These were in a thicket variously estimated by the witnesses as being from 125 to 300 yards from the house occupied by the appellant.

J. H. Gault, father of the appellant, testified that the still was not upon the premises with his knowledge or consent.

There was some conflict in the evidence touching the nearest house to the still. As we understand the record, the still was found upon the Gault farm and not upon the Lindsay farm. The circumstances are regarded sufficent to identify the appellant with the possession of the premises upon which the still and whiskey were located. His admission to the witness Yates that he had a quantity of whiskey for sale, together with the circumstances touching the locality in which it was found, were such, we think, as warranted the jury in concluding that the apparatus which was afterwards found was that ured in manufacturing the whiskey which the appellant was ready to sell to the witness Yates and which was under his control.

Whether the particular premises upon which the whiskey was located were specifically included in the lease of the appellant would seem not to be conclusive against the State's right to maintain the prosecution under the statute in question.

The statement of Brown to appellant and his reply mentioned above, were relevant as tending to show possession of the product of the still, as well as guilty knowledge of its presence. The bill, as qualified, shows the whiskey at the time of the remarks mentioned was on the premises under the control of the appellant.

There was brought into the court room and exhibited to the jury the still and equipment found upon the premises described, and testimony was received to the effect that the articles were usable for the manufacture of intoxicating liqor. The receipt of this testimony is deemed proper as it was of weight in showing the purposes for which the premises with which the appellant was identified were kept. In Newton's case, 94 Texas Crim. Rep. 383, a like procedure was sanctioned by this court.

Deeming the evidence sufficient to support the verdict, and finding no error in the procedure, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge—Apparently appellant's motion is based on the supposed failure of the testimony to show him in control and management of the premises upon which the still, mash and other equipment for the manufacture of intoxicating liquor, were found. We do not conceive it to be the requirement of the law that one accused of this offense be shown to have the exclusive care and control or management of such premises. Nor do we believe it necessary to show that the title to the property was vested in the accused. In the instant case it is shown without dispute that appellant lived on a place belonging to his father. According to the State's testimony, the material, paraphernalia, etc. for the making of intoxicating liquor were found in the same pasture in which ap-

pellant's house was located and at a distance of approximately 125 to 150 yards from his house. The officers followed a path leading to the place where same was found, going from the house of appellant. The find was made early one morning. Other testimony of the State showed that late in the afternoon before, appellant took a witness to the same premises and showed him a quantity of manufactured liquor which he wished to sell witness, naming his price, etc. Appellant's father, who owned the land upon which the house occupied by appellant was situated, as well as the pasture surrounding said house,—was placed on the stand as a witness and denied knowing of the presence of the still, etc. or that he had anything to do with it. The statute denounces any person who keeps or is interested in keeping any premises, building, room or place to be used for the purpose of manufacturing spirituous, vinous or malt liquors, etc. The case was submitted to the jury upon the theory of circumstantial evidence. The proof showing appellant in possession of and attempting to sell the manufactured liquor found at or near the same point as was the still, mash, etc., and it being located in the immediate vicinity of his house and upon land belonging to his father, who disclaimed any control, ownership or knowledge of same, it thus became a question for the jury to pass upon, and we are not led to concede that their finding is not supported by the testimony.

The motion for rehearing will be overruled.

*Overruled.*