### Bob Brown v. The State.

#### No. 2834.   Decided June 24, 1904.

**Indictment—Constitutional Law.**

An indictment which does not begin: "In the name and by the authority of the State of Texas," is fatally defective.

Appeal from the District Court of San Jacinto. Tried below before Hon. L. B. Hightower.

Appeal from a conviction of theft of cattle; penalty, four years imprisonment in the penitentiary.

No statement necessary.

*P. R. Rowe,* for appellant.—All indictments must commence "In the name and by the authority of the State of Texas." State Constitution, art. 5, sec. 12; Code Crim. Proc., art. 439; Cooley's Const. Lim., chap. 4, pp. 93-4; Cox v. State, 8 Texas Crim. App., 254; Saine v. State, 14 Texas Crim. App., 144; Leach v. State, 36 Texas Crim. Rep., 248; Wright v. State, 37 Texas Crim. Rep., 3; Bird v. State, 37 Texas Crim. Rep., 408; State v. Durst, 7 Texas, 74; Hunt v. State, 22 Texas Crim. App., 396.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Conviction of cattle theft; four years in the penitentiary fixed as a penalty. The indictment is attacked because it begins, "In the name and the authority of the State of Texas," the word "by" being omitted and "the" inserted, whereas the constitutional requirement is that it shall begin "In the name and by the authority of the State of Texas." This objection is well taken. The question has been so often decided we deem it unnecessary to enter

into a further discussion of it. Saine v. State, 14 Texas Crim. App., 144; Jefferson v. State, 24 Texas Crim. App,. 535; Owens v. State, 25 Texas Crim. App., 552; Thompson v. State, 15 Texas Crim. App., 39; Thompson v. State, 15 Texas Crim. App., 168; Scroggins v. State, 36 Texas Crim. Rep., 117; White's Ann. C. C. P., secs, 336, 345. We deem the other questions raised without merit. The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*