## WILL PARRISH v. THE STATE.

### No. 3034. Decided June 7, 1905.

#### Aggravated Assault—Misconduct of Jury—Defendant as a Witness.

The mere allusion by one of the jurors during their deliberations to the failure of the defendant to testify is not in itself cause for reversal.

Appeal from the District Court of Bell. Tried below before Hon. Jno. M. Furman.

Appeal from a conviction of aggravated assault; penalty, a fine of $250.

The testimony shows that an hour before the alleged assault the defendant and the prosecutor B. E. Street met and had a wordy altercation. When the parties again met on the street, according to prosecutor's testimony, defendant stepped out of a store, pistol in hand, saying something witness did not understand, witness immediately jumped off of the sidewalk and began to draw his pistol, but before he got it out, defendant shot at him twice, one shot taking effect in witness' heel. Both parties then shot at each other until their pistols were emptied, but without hitting each other. There was some conflict of testimony as to which of the two men fired the first shot. The indictment charged assault with intent to murder. There was no exception to the court's charge, and the only point raised was misconduct of the jury as stated in the opinion.

*Winbourn Pearce,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of an aggravated assault, and his punishment assessed at a fine of $250, and six months confinement in the county jail.

In the motion for new trial appellant complains of the misconduct of the jury. Attached to the motion is the ex parte affidavit of appellant's counsel setting up said misconduct, which was an allusion by one

of the jurors, after they retired to consider of their verdict, to the failure of the defendant to testify. Prior to passing upon this motion the trial court had all of the jurors brought in, and they testified. Some of them stated that they heard somebody say, "why did the defendant not testify?" The substance of the testimony of the jurors is, that there was nothing further said about it, some stating that they did not even hear the remark. In Mason v. State, 10 Texas Ct. Rep., 900, we held that the mere mention in the jury room of the failure of the defendant to testify, when this is immediately suppressed is not ground for reversal. In that case one of the jurors remarked, "why did not the defendant take the stand," and another replied, "cut that out." Others testified they did not hear the remark. We accordingly hold that the mere allusion by one of the jurors during their deliberation to the failure of the defendant to testify, is not per se cause for reversal. The record before us shows that it could not nor did it influence the action of the jury in any respect.

Appellant insists that the evidence is not sufficient to support the verdict of the jury. We think it is amply sufficient. The judgment is affirmed.

*Affirmed.*

[Motion for rehearing refused without written opinion.—Reporter.]