### B. C. Powers v. State.

No. 2330.   Decided March 5, 1913.

**1.—Theft of Cattle—Charge of Court—Bill of Sale.**

Upon trial of theft of cattle, there was no error in the court's refusal to charge the jury that if they believed that if the alleged stolen animal was one of the animals described in the bill of sale from defendant to the party injured, to acquit defendant; the evidence showing that one of the alleged animals was positively identified as one of the alleged stolen animals.

**2.—Same—Jury and Jury Law—Opinion of Juror.**

Where counsel for defendant had knowledge of the facts with reference to the expressed opinion of the juror at the time the jury was selected, the contention that the juror had formed and expressed an opinion prior to the trial came too late.

**3.—Same—Misconduct of Jury—Allusion to Defendant's Failure to Testify.**

A mere incidental reference in the jury room to the failure of defendant to testify is not a cause for reversal.

Appeal from the District Court of Zavala. Tried below before the Hon. R. H. Burney.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of misconduct of jury: Wilson v. State, 39 Texas Crim. Rep., 365; Guinn v. State, 39, id, 257.

HARPER, JUDGE.—Appellant was prosecuted for the theft of one head of cattle and his punishment assessed at two years imprisonment in the penitentiary,—the punishment in this case being made cumulative of another conviction for theft had at a previous term of the court.

The testimony in this case shows that the animal alleged to have been stolen was branded—; that the State introduced a bill of sale from appellant to W. E. Moore to three head of cattle, the bill of sale showing the brand to be—. Mr. Moore was dead, but his son testified that appellant gave this bill to his father; that he helped kill one of the animals purchased by his father from appellant, and that the hide exhibited in evidence was the hide of the animal purchased by his father from appellant, and which he, the witness, assisted in killing. This hide was identified by the owner as the hide of one of the animals stolen from him. Under the circumstances the court did not err in refusing the special charge requested by appellant that if the jury believed that the animal described in this indictment was one of the animals described in the bill of sale, to acquit the defendant. The indictment charged theft of an animal from Jno. S. Thompson; the hide of the animal found in Mr. Moore's possession was branded — and his son testified this animal was sold by appellant to his father; Mr. Thompson positively identifies this hide as the hide of one of the animals he lost.

Appellant moves for a new trial on the ground that one of the jurors, T. M. White, had formed and expressed an opinion prior to the time he was accepted on the jury. That he had said in the presence of two gentlemen, "that he had heard all the evidence in the case, and that under the evidence the jury was bound to send him off." The State controverts this ground, and files an affidavit of Mr. White "that he had never heard the testimony in this case against appellant, but he did hear the evidence in the other case against appellant, wherein he was charged with stealing another and different animal, and if he made the remark alleged he referred to the testimony in the other case against appellant. In addition to this it is shown that while the jury was being empaneled in the other case at the former trial, White was present and said: "I wish I could help cut that jury; I know I could

cut one that would acquit him, and if I could just get on it as a leader, you would have no trouble at all," and then told the attorney who he thought would acquit the appellant in that case. Those facts were communicated to appellant's counsel prior to the time White was selected on the jury in this case, and with the knowledge of these facts he was accepted. Under such circumstances it is too late to complain that this man was on the jury, in the motion for new trial.

The only other ground in the motion shows that after the jury retired, the fact that appellant had not testified was referred to, and this prior to the time the jury had arrived at a verdict. But it is also shown that when the matter was referred to, the foreman of the jury at once informed the jury that this could not be discussed nor considered by them, and there was no further reference to the matter. It has always been the rule in this court that a mere incidental reference to the failure of defendant to testify will not be cause for reversal of a case. In this case the evidence showing, beyond question, the guilt of appellant, and the jury assessing the lowest penalty, these grounds present no question for which we would feel called upon to reverse the case.

The judgment is affirmed.

*Affirmed.*