### W. T. VEACH v. THE STATE.

No. 2555. Decided June 25, 1913.

Rehearing denied October 22, 1913.

**1.—Local Option—Evidence—Bill of Exceptions.**

In the absence of a bill of exceptions, rejected testimony can not be considered on appeal.

**2.—Same—Misconduct of Jury.**

Where there was no error pointed out in the alleged misconduct of the jury, there was no reversible error.

**3.—Same—Requested Charges.**

Where the requested charges were covered by the court's main charge, there was no error in refusing them.

**4.—Same—Sufficiency of the Evidence—Sale.**

Where, upon trial of a violation of the local option law, the evidence showed that the witness receiving the alleged liquor from the defendant intended to repay him by returning to him a like quantity of whisky, and this matter was submitted in the court's charge, the same constituted a sale and the conviction was sustained; there being other circumstances to sustain the main State's witness. Davidson, Presiding Judge, dissenting.

Appeal from the District Court of Montague. Tried below before the Hon. C. F. Spencer.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

W. S. *Jamison* and H. F. *Weldon* and S. F. *Caldwell*, for appellant.— The facts show no contract was made between the parties: Paris v. State, 62 Texas Crim. Rep., 354, 137 S. W. Rep., 698; Whitstone v. State, 64 Texas Crim. Rep., 168, 141 S. W. Rep., 951; Hamilton v. State, 65 Texas Crim. Rep., 649, 145 S. W. Rep., 922.

C. E. *Lane*, Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted of selling intoxicating liquor in prohibition territory, and his punishment assessed at one year confinement in the penitentiary.

In the motion complaint is made as to the admissibility of certain testimony. No bills of exception were reserved, consequently we can not review those grounds.

The fact that the foreman of the jury on their retirement stated to the others that they could not consider the fact that appellant did not testify, was but a reiteration of the charge of the court to the jury. It is not sought to be shown that such fact was offered to be discussed. The other grounds alleged as to the misconduct of the jury are equally groundless.

The special charges requested were covered by the court's main charge, and there was no error in refusing them.

The only ground in the motion that presents a question for serious consideration is the one that alleges the insufficiency of the testimony to support the verdict. Several witnesses testify that about the second day of October they went to appellant's wagon yard and camp house. That when they went in appellant was filling bottles with whisky; that there were about a dozen bottles on the table; that two gallon jars of whisky were in the house and another was found in the manure pile just outside of the house; that two bottles of whisky were found in another room. It is further shown that about this time Harry Winn went up to appellant's place and was given a drink of whisky by him; that he then left, but when he decided to leave town, he returned and took another drink with appellant, then placed the bottle in his pocket, remarking to appellant that he would take it "and would make it all right with him; that he intended to repay appellant by returning to him a like quantity of whisky." If this is true, under our decisions this would be a sale, and while the testimony of this witness is not very satisfactory, yet there is no denial that this really and truly represents the transaction, and the jury under a proper charge finds appellant guilty. The trial court heard the testimony and overrules the motion, and shall we

at this distance say this testimony does not show a sale under our decisions, although this witness testifies in a way that we do not feel like giving but little credence to his testimony? The jury gave it sufficient credit to find appellant guilty, and taking into consideration the quantity of whisky appellant is shown to have had on hand at this time, we can not say there is not sufficient evidence to sustain the verdict.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, PRESIDING JUDGE.—I refer to Ross v. State for my views in this case.

[Rehearing denied October 22, 1913.—Reporter.]