## W. C. HOWARD v. THE STATE.

### No. 3458.　Decided March 3, 1915.

### Rehearing denied March 24, 1915.

**1.—Drunkenness—Information—Public Place.**

In an information charging defendant with drunkenness in a public place, it was not necessary to allege a particular place in the county, and the allegation that it occurred in a restaurant to which people commonly resorted, etc., in the county of the prosecution was sufficient.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of drunkenness in a public place, the evidence sustained the conviction, there was no error.

**3.—Same—Motion for New Trial—Bill of Exceptions.**

Where defendant took no bill of exceptions to any of the proceedings dur-

ing the trial, but excepted to the overruling of the court of his motion for new trial, there was nothing to review.

**4.—Same—Defendant's Failure to Testify—Misconduct of Jury.**

The bare mention by the jurors in their retirement of defendant's failure to testify, without a showing that this influenced them, presents no ground to set aside a verdict. Following Coffman v. State, 73 Texas Crim. Rep., 295.

Appeal from the County Court of Newton. Tried below before the Hon. W. E. Gray.

Appeal from a conviction of drunkenness in a public place; penalty, a fine of $5.

The opinion states the case.

*Forse & Hamilton*, for appellant.—On question of insufficiency of information: Murrey v. State, 87 S. W. Rep., 349.

On question of insufficiency of the evidence: Clinton v. State, 64 Texas Crim. Rep., 446, 142 S. W. Rep., 591.

On question of misconduct of jury: Buessing v. State, 63 S. W. Rep., 318; Fine v. State, 77 S. W. Rep., 806.

*C. C. McDonald*, Assistant Attorney General, for the State.—On question of sufficiency of information: Murchison v. State, 24 Texas Crim. App., 8; Parker v. State, 26 Texas, 204; Bordeaux v. State, 31 Texas Crim. Rep., 37; Murrey v. State, 48 id., 219; Pugh v. State, 55 id., 462.

On question of misconduct of jury: Johnson v. State, 53 Texas Crim. Rep., 339; Smith v. State, 52 id., 344; Stepp v. State, 53 id., 158.

PRENDERGAST, PRESIDING JUDGE.—By complaint and information appellant was prosecuted for drunkenness in a public place. They aver that on or about November 7, 1914, he did then and there by the voluntary and immoderate use of spirituous, vinous and malt liquors unlawfully get drunk and was then and there found in a state of intoxication in a certain public place, towit: in a restaurant to which people commonly resort for the purpose of eating and purchasing refreshments. The court did not err in overruling his motion to quash them. It was not necessary to further identify the public place than was done. Nor was it necessary that they should allege the particular place in the county. The allegation that it was in Newton County was all that is required.

Appellant complains that the evidence is insufficient to sustain the conviction. We think it was sufficient.

Appellant took no bill of exceptions to any of the proceedings during the trial. After the conviction he filed a motion for new trial setting up several grounds therefor, and he took several bills of exception to the court's overruling each ground of his motion for new trial. This raises no such question in a way that it can be reviewed.

In the last ground of his motion he claimed that while the jury was considering their verdict they alluded to his failure to testify. The court, it seems, heard the evidence and each of the six jurors, only,

testified to the same thing, as follows: "After we received the charge from the court and retired to consider of our verdict, but before we began to consider our verdict, and when we first went out one of the jurors made mention of the fact that the defendant failed to testify. This did not influence me in the least in arriving at a verdict." This court has many times held that such bare mention or allusion, when the jurors swear it in no way influences them, presents no ground to set aside the verdict. Coffman v. State, 73 Texas Crim. Rep., 295, 165 S. W. Rep., 939, and cases there cited. The judgment will be affirmed.

*Affirmed.*

[Rehearing denied March 24, 1915.—Reporter.]