## HENRY WILSON v. THE STATE.

No. 5761. Decided April 21, 1920.

Rehearing Denied June 23, 1920.

1.—Theft—Theft of Sheep—Jurisdiction—Change of Venue—Special Term of District Court.

Where the District Court convened in one County of the district and on that date the judge thereof recessed, or adjourned said court in that county and went to another county of his district, and there convened court and made an order changing the venue of the instant case and required defendant to enter into recognizance to appear the following day in the latter county, there was no error in overruling the motion to the jurisdiction of said latter county. Following Elliott v. State, 58 Texas Crim. Rep., 200.

2.—Same—Co-defendant—Change of Venue—Practice on Appeal.

A plea to the jurisdiction that his co-defendant had not been arrested when the order of change of venue was made, and that he was not named therein, and that, therefore, the court had no jurisdiction, was properly overruled, as exceptions in change of venue cases must be made in the court from which such change was made, and are not available in the court to which such venue was changed; besides, such plea could not avail defendant, and a change of venue as to one jointly indicted changes the venue as to all. Following Cox v. State, 8 Texas Crim. App., 664, and other cases.

3.—Same—Continuance—Bill of Exceptions.

In the absence of a bill of exceptions to the court's refusal to grant a continuance, the matter cannot be reviewed upon appeal.

4.—Same—Evidence—Other Offenses—Bill of Exceptions.

Where, upon trial of theft of sheep, defendant depended upon an honest claim of right and mistake of identity, there was no error in introducing in evidence the fact that other stolen property was found in defendant's pasture; besides, the bill of exceptions is totally defective.

5.—Same—Evidence—Bill of Exceptions.

Where, upon trial of theft of sheep defendant sought to impeach the main State's witness by showing that he had testified differently on a previous trial as to the number of marks he had bought, etc., but the bill of exceptions did not recite what he expected to offer to impeach the said State's witness, there was no reversible error.

**6.—Same—Evidence—Bill of Exceptions—Practice in District Court.**

Where a question is asked and answered without objections or claim that there was any misunderstanding, or reason for not objecting before the answer, there was no error in the court's refusal to withdraw said answer.

**7.—Same—Evidence—Experimental Testimony.**

Upon trial of theft of sheep there was no error in the court's refusal to allow defendant's witness to cut out of some paper, in the presence of the jury, a mark with the iron stamp used in marking the ears of the alleged stolen sheep, counsel being allowed to use said iron stamp before the jury.

**8.—Same—Evidence—Contradicting Witness—Practice in District Court.**

Upon trial of theft of sheep there was no error in cross-examination of defendant's brother, who had testified that he bought sheep marked as the State claimed were the alleged stolen sheep, and which he sold to defendant, if he was not present at a previous trial and did not testify there; besides, as said testimony was withdrawn, there was no error.

**9.—Same—Sufficiency of the Evidence—Accomplice—Construction.**

Where, upon trial of theft of sheep the evidence of the accomplice was fully corroborated by other testimony, showing defendant's connection with the theft, there was no reversible error.

**10.—Same—Misconduct of Jury—Defendant's Failure to Testify.**

Where, upon appeal from a conviction of theft of sheep, defendant's complaint as to the misconduct of the jury in an allusion of defendant's failure to testify was simply a casual allusion, and was manifestly not against the accused, there was no reversible error. Following Cooper v. State, 72 Texas Crim. Rep., 266.

**11.—Same—Misconduct of Jury—Argument of Counsel.**

The complaint made as to a discussion among the jurors with reference to the argument of attorneys, and the allusion to the name of a certain witness, did not constitute reversible error.

**12.—Same—Rehearing—Practice on Appeal—Transcript—Rules Stated.**

This court is compelled to go by the record in the transcript and cannot consider matters outside of it, and following this rule, defendant's plea to the jurisdiction must be decided as the record presents it. When this does not make it appear that the trial judge was without power and authority to change the venue at a special term of the District Court, convened in another county of his District for that purpose, there is no error.

**13.—Same—Practice in District Court—Two Days to File Pleadings.**

Where appellant complained in his motion for rehearing that he was hurried into his trial, but there is nothing in the record to show that he claimed the two days after his arrest in which to file pleas, etc., he cannot raise this matter for the first time in this court.

### 14.—Same—Continuance—Rule Stated.

This court must adhere to the rule that in the absence of a bill of exceptions the refusal of the trial court to grant a continuance cannot be reviewed.

### 15.—Same—Change of Venue—Rule Stated.

In the absence of a bill of exceptions, in the record on appeal, to any action of the District Court of the county from which the venue was changed, a plea to the jurisdiction on account of change of venue of the court to which such venue is changed cannot be considered, as this matter is statutory.

Appeal from the District Court of Edwards.  Tried below before the Honorable James Cornell.

Appeal from a conviction of a theft of sheep.  Penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Chambers, Watson & Wilson, W. A. Right, M. E. Blackburn, W. C. Linden* and *M. E. Sedberry,* for appellant.—On question of change of venue in special term of court:   Jowell v. Coffee, 132 S. W. Rep., 886; Baker et al. v. State, 111 S. W. Rep., 735; Leal v. State, 102 S. W. Rep., 414; Ochoa v. State, 102 S. W. Rep., 415; Etheridge v. State, 175 S. W. Rep., 702; Harris v. State, 160 S. W. Rep., 447.

On the question of refusing continuance:  Wade v. State, 172 S. W. Rep., 215; Mansell v. State, 182 S. W. Rep., 1137.

On question of misconduct of jury:   Tate v. State, 42 S. W. Rep., 595.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of change of venue:  Mayhew v. State, 155 S. W. Rep., 191; Coffman v. State, 136 S. W. Rep., 779; Rothshild v. State, 7 Texas Crim. App., 519.

On question of exception in court from which venue is changed: Moore v. State, 96 S. W. Rep., 321; Tex parte Cox, 12 Texas Crim. App., 665; Krebs v. State, 8 id., 1; Bowden v. State, 12 id., 248.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Edwards County, of the theft of about 150 sheep, the property of one F. M. Faulkner, and his punishment fixed at two years confinement in the penitentiary.  Only so much of the facts become material as may be necessary to make clear the issues herein presented.  The statement of facts is quite lengthy, much of the evidence being impeaching in character.

Appellant's first contention is that the change of venue from Sutton to Edwards County, was made under such circumstances as that the latter county acquired no jurisdiction.  As stated in his bill of exceptions, it appears that the District Court convened in Edwards

·County on August 25, 1919, and on that date, and after court was convened, the judge thereof, whose district included Sutton County, recessed, or adjourned said court in Edwards County, and went to Sutton County, and there convened court, for the purpose of making an order changing the venue of this case from Sutton County to Edwards County, and that said judge did in fact convene a special term of the District Court in Sutton County, in the late afternoon and night of August 25, 1919, and then made an order changing the venue of this case to Edwards County, requiring appellant to enter into recognizance to appear the following day in the latter county, which recognizance was given.

It further appears that on August 26, 1919, appellant, in the District Court of Edwards County, filed his application, duly sworn to, for process *instanter* for a large number of witnesses in this case. The pith of appellant's contention seems to be that the judge of the trial court could not legally preside over the courts of two counties in his district at the same time. It is provided by Article 93, of Vernon's C. C. P. that special terms of the District Courts may be called whenever it may become advisable. There being no question but that the district judge in the instant case deemed it advisable, and that he did call a special term of the district court in Sutton County, at which orders were duly made and entered on the minutes, we can see no reason, if it be admitted that it became advisable to hold said special term in one county during the session of court in another county in the district, why recess or adjournment may not be temporarily had in the latter, to allow the transaction of business which makes advisable the special term in the former county. The judge of the court is not absent while any trial is in progress ,and we know of no rule or statute which is violated by such procedure. The Elliott case, 125 S. W. Rep., 568, seems in point. It appears in that case, that while the court was in session in Anderson County, the judge went to Houston County, another county in his district, and there convened court, and organized a grand jury, which proceeded to function. He then returned to Anderson County, where he was holding court. This Court upheld the action of the trial court in such procedure, and refused to hold invalid an indictment returned by the grand jury empaneled and authorized to act at said special term.

It next appears that after the jury were empanelled, and some evidence introduced, appellant filed another plea to the jurisdiction of the court, based on the fact that he and E. L. Kiser were jointly charged in the indictment with theft, and that the case against Kiser had not been dismissed, nor had he been arrested under the indictment, nor required to enter into a recognizance, nor appeared and asked for any severance and that Kiser was not named in the order changing the venue. This plea of the appellant was overruled. The action of the trial court must be upheld. Error in the change of venue, if any, must be taken by exception in the court from which

the change is made, and cannot avail in a plea to the jurisdiction of the court to which such venue is changed. Bowden v. State, 12 Texas Crim. App., 246; Ex parte Cox, 12 Texas Crim. App., 655. Change of venue as to one jointly indicted, changes the venue as to all. Cox v. State, 8 Texas Crim. App., 664. Nor do we think it a matter which in any event could avail appellant.

Complaint is made of the refusal to continue this case, upon the application of appellant. We find in the record no bill of exceptions to the court's refusal to grant this continuance, and such bill of exceptions is always held to be necessary; and a recital of exception taken in the order overruling such motion will not take the place of a bill of exceptions. Branch's Ann. P. C., Sec. 304; Vernon's C. C. P., pp. 529-530, and authorities cited.

In his bill of exceptions No. 3, appellant objects to the following question, asked by the State of its witness Eck Kiser: "Q. When you rounded up the livestock on that ranch for the purpose of delivering it to Ed Fowler, did you find any livestock there that did not belong to Henry Wilson?" The witness answered. "Yes, sir." Appellant then objected to said answer, and asked that it be excluded, for the reason that the testimony should be confined to the bunch of sheep alleged to have been stolen in this indictment. The bill shows further, that over the same objection, the witness stated that he found some of Faulkner's sheep; that same were kept there two or three days, and that he, witness, moved them to old man Wilson's ranch.

Under all the rules, a bill of exceptions must so present the matter complained of as that we may be able to ascertain from the contents of the bill that error has been committed.

Turning our attention to the question first stated, it is apparent that we are unable to gather therefrom what ranch was referred to in said answer nor is said fact made to appear anywhere in said bill; nor does anything appear in said bill that would indicate that appellant had anything to do with the sheep which were found by witness on some ranch; nor is any one connected with said sheep by the recitals of said bill, save and except the witness himself. The bill further states that after the various answers were made, the court asked appellant's counsel if he still objected, and receiving an affirmative answer, the court instructed the jury not to consider the evidence. As presented, this bill is not sufficient to predicate error upon. If, however, it should be deemed sufficient to call for consideration, we would not feel that error was shown. In this case, appellant seems to depend upon an honest claim of right to the alleged stolen sheep, or at most, a mistake of fact as to their identity on the part of the alleged owner or himself. When such is the defense, it is allowable to prove other thefts, or the possession of other stolen property at or about the time alleged, as affecting the intent with which the alleged stolen property was taken.

Appellant presents his bill of exceptions No. 5, complaining of the court's refusal to allow the witness Faulkner to answer the following question: "Now, have you heretofore testified that you only *bought* four or five marks from Dabney, and did not buy any more from anybody else." Said bill states that the trial court at this juncture, said: "You have already .gone into that," and refused to let the witness answer. The bill proceeds to set out that appellant had not gone into that, and appellant expected to show, if the witness had been permitted to answer, that upon a previous trial, involving the facts of this case, said witness had sworn that he only bought four or five marks from Dabney, and none from anyone else; and further expected to show that he took and claimed from the defendant ten or eleven different marks, of sheep, after having sworn that he did not own more than four or five. This bill is neither approved nor refused by the trial court, but in view of appellant's affidavits filed in support of the same, we will treat it as if the same had been refused. The question set out in said bill as being asked, called for an answer on the part of the witness, of *yes* or *no*, and the refusal of the court to permit such answer, is the only matter legitimately presented here for our determination. If counsel had other evidence which he desired to introduce, affecting the credibility of the witness Faulkner in this matter, he cannot avoid the necessity of offering such evidence, and saving his timely bill of exceptions to its refusal, by a recital in this bill that he expected to offer such other testimony. Nor is it stated in this bill what the expected answer would have been; nor how the testimony, which he says he expected to introduce later, would be dependent upon an affirmative or negative answer. Such bill presents no error which we can determine. It is apparent that if the bill had stated that the witness would have answered "no," a different conclusion as to error would necessarily follow, than if it was stated that the witness would have answered "yes."

Bill of exceptions No. 6 shows that after a question was asked, and answered without objection or claim that here was any misunderstanding, or reason for not objecting before the answer, the court refused appellant's request to withdraw said answer. It has often been held in cases of this character, that this action of the court is correct.

By his bill No. 7, appellant complains that the trial court refused to allow the witness Childress, for the defense, to cut out of some paper, in the presence of the jury, an underbit, with the iron stamp used by witness Bond in marking the ears of the alleged stolen sheep. the stated design of such testimony being to exhibit such piece of paper before the jury, in order to show that the ear marks of the alleged stolen sheep as traced and put before said jury, did not correspond with that made by said iron stamp. This bill is qualified by the trial court so as to make it appear that each counsel for appellant,

in his argument, was allowed to use said iron stamp before the jury, and to cut underbits in paper, and to make such comparison, and, also, that the jury were permitted to take with them in their retirement, said stamp and tracings. As qualified, we are of opinion that no injury resulted to appellant.

By his bill of exceptions No. 8, complaint is presented of the fact that Tom Wilson, brother of appellant, who had testified that he bought sheep marked as the State claimed were the alleged stolen sheep, which sheep he sold to appellant, was asked on cross-examination, by the State, if he was present at the trial of his father in Sutton County, upon a charge of receiving and concealing these alleged stolen sheep, and over objection, said witness was required and permitted to answer that he was present, and to further state that he did not testify upon that trial. It further appears that the trial court, being in some doubt as to the admissibility of this testimony, instructed the jury not to consider it. We think no error is shown.

It is argued at length, and forcibly, that the evidence does not warrant the verdict. We cannot agree with this contention. The owner testified positively to the loss of his sheep, and the accomplice, Kiser, testified positively that he and appellant took said sheep from the owner's pasture, and drove them through the country out into appellant's pasture. Kiser's story is corroborated by Jim Chadwick, who saw Kiser and appellant driving the sheep to the Wilson pasture; also by Claude Keene, who saw appellant and Kiser about ten o'clock at night driving said sheep to his, appellant's, pasture; also, by W. B. Adams, who saw said parties driving said sheep; also, by Thomas Bond and his son, who identified by flesh-marks certain sheep found in appellant's pasture, as being sheep which they had sold to Dabney and he to Faulkner, the alleged owner. The evidence is sufficiently strong, in our opinion, to necessitate upholding the verdict of the jury, irrespective of the testimony as to the marks, etc.

It is claimed that there was misconduct of the jury, in that there was comment after they had retired, on the failure of appellant to testify. The evidence bearing on this issue was heard by the trial court, and he approved the bill of exceptions, stating by way of qualification that the only reference to the matter was as follows: That a juror named Johnson, who was in favor of acquittal, and the last to agree to a verdict of guilty, when arguing in the jury room in behalf of appellant said, "If Henry Wilson had testified and had claimed to have purchased the sheep from Kiser, we would have as much right to believe him as we did to believe Kiser." To which remark none of the jurors paid any attention, excepting that a man named Foley replied, "Yes, if he had had any witnesses to back him up."

We think the trial court warranted in his further statement qualifying this bill, that he was of opinion that the juror Johnson did not intend his remark as any suggestion of guilt because of any

failure on the part of appellant to testify, nor did any of the other jurors so understand it. Our statute, Article 790, Vernon's C. C. P., provides that the appellant may testify in his own behalf, and that his failure to so testify must not be taken as a circumstance against him, nor shall same be alluded to by counsel in the cause. There have been many cases decided by this Court, where the matter of such failure was referred to in the jury room, but in such way as to manifestly be not against the accused, and in such cases this Court has declined to reverse. Veach v. State, 71 Texas Crim. Rep., 181, 159 S. W. Rep., 1069; Probest v. State, 60 Texas Crim. Rep., 608, 133 S. W. Rep., 263; Powers v. State, 69 Texas Crim. Rep., 494, 154 S. W. Rep., 1020; Rhodes v. State, 69 Texas Crim. Rep., 45, 153 S. W. Rep., 128; Cooper v. State, 72 Texas Crim. Rep., 566, 162 S. W. Rep., 364.

Some complaint is made of a discussion among the jurors as to the argument of the attorneys, and some one in the jury room asked "Where was Mr. Speed?" It appears that a man named Speed had been mentioned in the testimony of Mr. Faulkner and referred to in the argument. We have examined this closely, and find nothing erroneous in the discussion among the jurors, as the same appears in the record.

We have given this case our careful scrutiny, aided by an able and exhaustive brief filed on behalf of the appellant, but find no reversible error in the record.

The judgment will be affirmed.

*Affirmed.*

---

ON REHEARING,

June 23, 1920.

LATTIMORE, JUDGE.—Appellant, in his motion for a rehearing, again urges various matters which we have passed upon in our original opinion, some of which we will notice, but others of which will be overruled without further discussion.

The first ground urged is, that the trial court should have sustained appellant's plea to the jurisdiction, based upon the contention that the special term of the District Court of Sutton County, convened by the judge for the purpose of changing the venue of this case to Edwards County, was illegal.

We are compelled to take these matters as we find them in the record. If there be matters of fact upon which such claim of illegality is based, they must appear; and if matters of law, they must also be so presented as that they are before this Court. Examining the plea to the jurisdiction, we find that it sets forth that while the

District Court was in session in Edwards County, the judge thereof convened court in Sutton County, the same being another county in his district, and entered an order in the latter changing the venue of this case to Edwards County; and instructed this appellant to enter into a recognizance to duly make his appearance before the District Court of the latter County. After reciting these facts, appellant then sets forth his entire complaint against the proceeding, as follows:

"Defendant says that the District Court of Edwards County being in session at the time presided over by the Honorable James Cornell, the said judge had no power or authority under the law to convene a term of the District Court of Sutton County, and any attempt so to do, and any order made at said alleged term, special term, by said judge who was the same judge then holding the court in Edwards County, of the District Court of Sutton County, Texas, on the 25th day of August, 1919, is null and void and this cause is therefore pending before the District Court of Sutton County, Texas, and the District Court of Edwards County has acquired no jurisdiction to try the same."

In his bill of exceptions to the action of the trial court in overruling said plea, the details are more particularly set out, but the above is the statement of appellant's objection as presented to the lower court in his plea, and upon which he must stand or fall in this Court, provided we could consider said plea at all. It does not appear therefrom that there was any claim that appellant's attorneys were not present in the District Court of Sutton County when the entire transaction took place; nor that appellant did not personally appear and agree to everything that was done. It is now urged in his motion that notice of the convening of said special term of court was necessary; but if notice was necessary, no such objection was set forth in said plea nor urged, nor was the fact established that notice was not given in any way, either by admission of the parties, or proof of that fact. Our adjudication must be limited to the matters brought before us, as contained in the plea to the jurisdiction and what is set out. We adhere to our view that it was not made to appear that the trial judge was without power and authority to change this venue at the special term of the district court of Sutton County, convened for that purpose. We are compelled to presume that all necessary steps were taken in order to make said special term legal, in the absence of any pleading or proof to the contrary, in the court below.

Much argument appears in the motion to the effect that appellant was hurried into this trial. If so, he cannot complain, for our statutes give to every one accused of crime two days after his arrest in which to file pleas, etc. When this right has been claimed and denied in the lower court, this court has never failed to reverse; but it must be asserted in time, and in the trial court, and not here for the first time. Appellant did not ask for such time in the trial court.

Appellant again urges the error of the refusal of a continuance. which was disposed of by us in the original opinion, upon the ground that no bill of exceptions was reserved to the refusal thereof. For us to hold that the trial court erred in this particular, would be to overturn an unbroken line of our decisions without reason therefor. A decision by this Court that the refusal of the trial court of an application for a continuance, would *ipso facto* be a reversible error, would be a grievous wrong, and engraft a very hurtful rule upon our practice. Illustrations too numerous to mention might be had of cases wherein applications for continuance were overruled, and the subsequent developments of the case, as well as other matters connected therewith, fully demonstrated the correctness of the Court's action. It has always been properly held that if, when the trial was concluded, appellant still thought himself to be injured by being denied a continuance, he must bring his objection before the trial court in the form of a bill of exceptions, in order to have it considered here. We see no reason for changing our former holding upon this subject, or for overruling that line of decisions.

As his third ground of his motion, appellant states as follows:

"Because the Court erred in holding that error in the change of venue, if any, must be taken by exception in the court from which the said change is made, and cannot avail in a plea to the jurisdiction of the court to which such venue is changed, where it appears that defendant has not been arrested at the time such change of venue is made."

Any question of error committed by the court in Sutton County, which it is thought desirable to raise here, should have been made a matter of exception in the District Court of Sutton County, before the venue was changed to Edwards County. The transcript of the proceedings had in Sutton County, which accompanied the record to Edwards County on change of venue, and which appears in this record, shows that appellant was properly recognized in Sutton County to appear in Edwards County. No bill of exceptions appears in this record to any action of the District Court of Sutton County. The whole matter is disposed of by our statutes—Articles 634-637. Vernon's C. C. P.

We regret our inability to agree with distinguished counsel for appellant in their view, but believe the established law is against them. The other contentions made in the motion, do not meet with our approval.

The motion for rehearing will be overruled.

*Overruled.*