## WM. MANLEY v. THE STATE.

No. 7086. Decided November 8, 1922.

**1.—Burglary—Misconduct of Jury—Allusion to Defendant's Failure to Testify.**

Where, upon appeal from a conviction of burglary, the appellant alleged misconduct of the jury in considering and discussing the failure of the appellant to testify, and the matter resolves itself into a question of fact to be determined by the lower court, this court is bound by such determination where the record does not disclose an abuse of judicial discretion, and the judgment below must be affirmed. Following Howe v. State, 77 Texas Crim. Rep., 108, and other cases.

**2.—Same—Rule Stated—Defendant's Failure to Testify.**

To be good ground for a new trial there must be more than an allusion by the jury to a defendant's failure to testify. It must be shown that the jury discussed the failure to testify to such an extent that it appears they took such failure as a circumstance against him. Following Jenkins v. State, 49 Texas Crim Rep., 457, and other cases.

**3.—Same—Rehearing—Misconduct of Jury.**

We know of no authority holding that where the question of defendant's guilt and of the term of years that should be awarded him as punishment has been decided by the jury before any reference is made to the fact of his failure to testify, that such reference thereafter would be sufficient ground for a reversal. The authorities hold the contrary.

**4.—Same—Rehearing—Defendant's Failure to Testify.**

On motion for rehearing this court adheres to its conclusion reached in the main opinion that no error is shown in reference to any inadvertent statement concerning appellant's failure to testify.

**5.—Same—Sufficiency of the Evidence—Statement of Facts—Practice on Appeal.**

In the absence of a statement of facts a complaint as to the insufficiency of the evidence to support the conviction cannot be considered.

Appeal from the Criminal District Court of Harris. Tried below before the Honorable C. W. Robinson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, and *George Peddy,* Assistant District Attorney, for the State.—On question of allusion of defendant's failure to testify: Wilson v. State, 87 Texas Crim. Rep., 538; Greer v. State, 238 S. W. Rep., 924.

HAWKINS, JUDGE.—Conviction is for burglary. Punishment, two years in the penitentiary.

Only one question is before us, viz, alleged misconduct of the jury in considering and discussing the failure of appellant to testify. This was made an issue upon the hearing of the motion for new trial, and after the evidence of the jurors was heard the trial judge announced his finding upon the facts as follows:

"The Court finds, as a matter of fact, that there was no discussion in the jury room about the failure of the Defendant to testify.

The Court finds, as a matter of fact that one juror remarked that the Defendant did not take the stand, and that immediately another juror cautioned him that the Court had charged them not to discuss or consider that fact,—that the defendant did not take the stand; and that there was no other discussion or consideration of that fact.

The Court finds, as a matter of fact, that the twelve jurors had decided upon the verdict of "guilty" before the above stated remark of the juror was made.

The Court finds as a matter of fact, that none of the jurors were influenced by the said remark, and that the verdict was arrived at

without being influenced in any way by the remark, that the Defendant had not taken the stand in his own behalf.

The Court finds, as a matter of fact, that each and every juror knew that the Defendant had not taken the stand in his own behalf before the remark was made, and the Court having instructed the jury in his charge upon that question.

The Court further finds, as a fact, that there was no such remark made in the jury room,—that "the defendant did not have nerve enough to testify in his own defense."

Upon such finding of facts the motion for new trial was overruled, which is assigned as error.

The matter having resolved itself into a question of fact to be determined by the lower court we would be bound by such determination unless the record disclosed an abuse of judicial discretion in respect to the matter complained of. Sanchez v. State, 90 Texas Crim. Rep., 518, 236 S. W. Rep., 734; Howe v. State, 77 Texas Crim. Rep., 108, 177 S. W. Rep., 500; Shaw v. State, 32 Texas Crim. Rep., 155, 22 S. W. Rep., 588'; Branch's Ann. P. C., Sec. 574, p. 295; Potts v. State, 56 Texas Crim. Rep., 47, 118 S. W. Rep., 535. In the light of the statement of facts before us, we cannot so hold. A review thereof leads us to the conclusion that the trial court announced correct findings. To be good ground for a new trial there must be more than an allusion by the jury to a defendant's failure to testify. It must be shown' that the jury discussed the failure to testify to such an extent that it appears they took such failure as a circumstance against him. Leslie v. State, 49 S. W. Rep., 73; Mason v. State, 81 S. W. Rep., 718; Parrish v. State, 48 Crim. Rep., 347; 88 S. W. Rep., 231; Jenkins v. State, 49 Texas Crim. Rep., 457, 93 S. W. Rep., 726; Johnson v. State, 53 Texas Crim. Rep., 339, 109 S. W. Rep., 936; Powers v. State, 69 Texas Crim. Rep., 494, 154 S. W. Rep., 1020; Pullen v. State, 70 Texas Crim. Rep., 156, 156 S. W. Rep., 935; Howard v. State, 76 Texas Crim. Rep., 297, 174 S. W. Rep., 607; Greer v. State, 91 Texas Crim. Rep., 426, 238 S. W. Rep., 924.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

November 8, 1922.

LATTIMORE, JUDGE.—In his motion for rehearing, appellant urges that irrespective of the conclusions stated by the trial judge in his findings of fact upon the hearing of evidence in support of appellant's motion for new trial, that the testimony before the court at that time showed such comment and discussion by the jury of the appellant's failure to testify as a witness in the case, that should have caused the court to grant a new trial and that now calls for a

reversal. We have gone carefully over the testimony of each juror at said hearing. Eight of the jurors testified and each stated positively that upon their retirement they took a ballot to ascertain their conclusion as to the guilt of appellant, and that all twelve of said jurors unanimously voted him guilty. They stated that a vote was then taken and they voted that his punishment should be two years in the penitentiary. It was further stated that upon the question of suspended sentence there was a division. Three of the jurors who testified upon the hearing of the motion for new trial stated that they were for granting appellant a suspended sentence. Each of them testified that he did not hear any discussion of appellant's failure to testify, and that no such fact or discussion influenced him in changing his views and in finally agreeing to a verdict of guilty without suspension of sentence. We know of no authority holding that where the question of defendant's guilt and of the term of years that should be awarded him as punishment, has been decided by the jury before any reference is made to the fact of his failure to testify, that such reference thereafter would be sufficient ground for a reversal. The authorities seem to hold a contrary view. We adhere to the conclusion reached and announced in our former opinion that no error is shown in reference to any inadvertent statement concerning appellant's failure to testify, which appears in the testimony of a minority of said jurors but which the majority of those testifying seem to deny.

Appellant insists that the evidence in support of the proposition of guilt is meager, but we are unable to determine this question for ourselves because of the absence of a statement of facts.

Being of opinion that appellant's motion for rehearing presents no sufficient reason why our former opinion is not sound, said motion is overruled.

*Overruled.*