## DAN BEETS V. STATE.

No. 24552. January 18, 1950.
Rehearing Denied February 22, 1950.

*W. H. Reid* and *Thomas H. Howard,* Dallas, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was assessed a penalty of twenty years in the penitentiary on a charge of robbery.

J. T. Shipley, a man sixty-seven years of age, lived near

the town of Kemp, in Kaufman County. He had known appellant some thirty-five years ago, but had not seen him during the past several years. On the evening of February 5th, 1949, he met appellant at a cafe in Kemp and engaged in a brief conversation with him. At about 10:30 that night he saw him at a filling station while the prosecutor was on his way home, carrying some groceries. As he proceeded down the road, on foot, he saw a car stopped near an underpass and he waited a time for the car to drive on. As he reached this underpass, or bridge, he says appellant knocked him in the head with a car crank while a boy was striking him with a whisky bottle. Shipley was knocked unconscious and dragged into the ditch. When he regained consciousness appellant and the boy were gone—and so was his money. The witness told his story definitely and he positively identified appellant as one of the men who beat him and robbed him. His story is corroborated, at least in part, by other evidence. One witness saw appellant at the filling station at the time testified to by Shipley. The constable found the crank and broken glass. The third man in the car, who appears to have been the driver, also testified as to the presence of the men. He tells of the suggestion made by appellent and the boy to commit the robbery and his refusal to have anything to do with it. He drove away and left appellant and the boy on the highway, but later picked them up.

The defendant produced several witnesses in an attempt to destroy the evidence of the prosecutor by showing that he had made a contradictory statement as to the identity of the men who robbed him. The jury passed upon this evidence and evidently discounted it completely. Appellant did not testify in the case. The evidence amply supports the jury's verdict of guilt and justifies the penalty assessed by them.

In his brief appellant discusses a great number of "Points of Error." We give no consideration to questions raised in this manner unless supported by bills of exception. These "Points of Error" will not be discussed.

Bill of Exceptions No. 1 complains of the failure of the court to grant appellant's motion for continuance. This motion was based on the absence of two witnesses, one of whom was the mother of appellant and she testified on the trial. It is claimed that if Ernest Howard had been present at the trial he would have testified that between 10:00 and 11:30 on the night of February 5th he was with appellant in a cafe at Mabank, Texas. The court's qualification of the bill shows that

the case was set for trial for May 9th by an order entered on May 6th. The witness was reported to be out of the state at the time of the trial, but it is not shown that he was absent and could not have been served by subpoena if diligence had been exercised to secure one for him at an earlier date. In fact the bill does not show any diligence other than the issuance of the subpoena in less than three days of the trial. In the state of the bill, there is no abuse of the court's discretion shown. See Morse v. State, 85 Tex. Cr. R. 83, 210 S. W. 965.

Bill of Exceptions No. 2 complains of insufficiency of the evidence. There is no merit whatsoever in this contention.

Bill of Exceptions No. 3 complains of the argument of the prosecuting attorney. As we analyze this argument it is just a verbose speculation, the purpose of which is not understood. We are unable to see any force in it. The prosecuting attorney, in his argument, asked questions such as, "What is it that goes on inside of his head to cause him to pick a car crank and hit a man sixty-seven years old, * *?", together with other similar questions. He makes no statement of facts; there are no inflammatory arguments; and the bill does not point out a reasonable injury as a result thereof.

Bill of Exceptions No. 4 complains of similar argument and the foregoing discussion will apply to it.

Bill of Exceptions No. 5 complains of the following statement by the prosecuting attorney: "Gentlemen, there has been no evidence whatsoever presented here by the defendant * * * these are all the defendant's witnesses there * * *." It is set out that the defendant did not testify and contention is made that the foregoing argument was a reference to his failure to do so.

In qualifying the bill, the court says that the objection was made before the county attorney had finished his statement. It was sustained out of precaution, but neither the court nor the jury could know what he was going to say. The qualification was accepted and becomes a part of the bill.

Bill of Exception No. 6 complains of what seems to be the same argument.

Bill of Exception No. 7, complains of the conduct of the jury in making reference to the defendant's failure to testify. As a qualification of this bill the court refers to the statement

of facts on motion for new trial. An examination of the statement of facts so referred to by the court fails to show any probable error.

Bill of Exception No. 8 presents the contention that there is a variance between the indictment and the evidence of the case, in that the indictment alleges Dan Beets as the perpetrator of the crime, whereas his name is "Dan Jasper Beets" as reflected by all of the evidence in the case. This contention does not require discussion.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

In appellant's motion for a rehearing he merely reiterates the claim that in each of his points of error originally presented to us, we were in error in disposing of same.

The claimed misconduct of the jury consisted of a casual remark by one of the jurors while deliberating upon the amount of punishment, as to whether the appellant had ever been in the penitentiary, and if so, was that the probable reason for his failure to take the stand. It is shown that the foreman of the jury, as well as other jurors, immediately said that they were not to consider that, and the court's charge was referred to as saying such; that no further conversation thereon was had and no consideration given to such statement.

"A bare allusion in the jury room to defendant's failure to testify when immediately suppressed will not of itself cause the judgment of conviction to be set aside." Branch's Ann. Tex. P. C., p. 293, sec. 569, and cases cited, namely: Leslie v. State, 49 S. W. 73; Mason v. State, 81 S. W. 718; Parrish v. State, 48 Tex. Cr. R. 347, 88 S. W. 231; Jenkins v. State, 49 Tex. Cr. R. 461, 93 S. W. 726; Johnson v. State, 53 Tex. Cr. R. 340, 109 S. W. 936; Powers v. State 69 Tex. Cr. R. 494, 154 S. W. 1020; Pullen v. State, 70 Tex. Cr. R. 156, 156 S. W. 935; Veach v. State, 71 Tex. Cr. Rep. 181, 159 S. W. 1069; Cooper v. State, 72 Tex. Cr. R. 266, 162 S. W. 364; Coffman v. State, 73 Tex. Cr. R. 295, 165 S. W. 939; Howard v. State, 76 Tex. Cr. R. 297, 174 S. W. 607.

We are of the opinion that this cause was properly disposed of in our original opinion, and the motion is therefore overruled.