J. D. McGREW v. STATE

No. 27,024. June 16, 1954.

*C. C. McKinney, Cooper,* and *Frank D. Wear,* Paris, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is rape; the punishment, 25 years.

No statement of facts of the trial on its merits is before us. This appeal is predicated on the alleged error of the trial court in failing to grant a new trial because the appellant learned after verdict that a juror who had served at his trial could not read or write.

The motion alleged that the juror was asked while being examined as a prospective juror if he could read or write and that he remained silent which indicated that he could do so. A hearing was had on the motion, and the statement of facts on such hearing is before us. Only three witnesses were heard. Echols, the district clerk, testified that the members of the venire were asked if they could read and write, and no one stated that he could not.

The juror Penny, whose qualifications are here questioned, testified that no such question was asked him.

The court reporter read into the record the voir dire examination of the prospective juror Penny, which reveals no question as to his literacy.

In San Antonio & A. P. Ry. Co. v. Gray, 66 S.W. 229, it was held that it was incumbent upon the complaining party to show that he questioned the juror as to his literacy.

The trial court therefore had before him a conflict in the testimony as to whether such a question was ever asked. He resolved this conflict against the appellant, and no abuse of discretion is shown.

Recently in Renfro v. State, 156 Texas Cr. Rep. 400, 242 S.W. 2d 772, we held the qualification as to the juror's literacy was one that could be waived.

In De Arman v. State, 80 Texas Cr. Rep. 147, 189 S.W. 145, we held it incumbent upon the accused to show that a sufficient number of jurors resided in the county in question who could read and write from whom a jury might be selected. No such showing is made in the record before us.

The legislature has not seen fit to amend the statute, and we are not inclined to overrule the holding in the De Arman case.

Finding no reversible error, the judgment of the trial court is affirmed.