**Willie B. HOWARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45167.**

Court of Criminal Appeals of Texas.

July 12, 1972.

Rehearing Denied Oct. 18, 1972.

**904**

S. Price Smith, Jr., Wichita Falls, for appellant.

Jim Phagan, Dist. Atty., Z. D. Allen, W. Reed Lockhoof and Sam L. Moreau, Asst. Dist. Attys., Wichita Falls, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary with two prior convictions for offenses of the same nature alleged for enhancement; the punishment, life.

Appellant's first ground of error is that the evidence is insufficient to support the conviction. The record reflects that on November 21, 1970, the Preston Dairy Plant, in Burkburnett, was broken into through a rear window and that three vending machines inside the premises, one for cigarettes, one for Coca-Cola and one for candy were burglarized. Appellant's fingerprints were found on the money box in the candy machine and testimony showed that the money box could only be reached by opening the machine with a key or by breaking into it. It was shown that appellant was never in lawful possession of a key. The court charged on circumstantial evidence. We have concluded that the evidence is amply sufficient to support the verdict. Appellant's contention that his fingerprints could have been placed on the money box while he was lawfully at the premises during business hours if the machine was opened for the purpose of withdrawing a beverage when there was insufficient change available in it is not supported by the evidence.

Appellant's first ground of error is overruled.

■ Appellant's second and third grounds of error relate to alleged jury misconduct. Initially, we observe, although the court held a hearing, that there was no affidavit from a juror or other person in a position to know the facts, attached to the motion for new trial. The rule for requiring such affidavits was best expressed in Prince v. State, 158 Tex.Cr.R. 320, 254 S.W.2d 1006, as follows:

"The policy of the laws is to discourage 'fishing expeditions' in an effort to impeach a jury verdict. If jury miscon-

duct has occurred, then the appellant is entitled to a hearing, but only where he has learned of such misconduct before the hearing is had. Where the misconduct was of such a nature that it would be known only by members of the jury, then an affidavit of a juror is proper. But this is not the exclusive method. Where the appellant is unable to secure such an affidavit, it is incumbent upon him to show this, and why, and, further, to show reasonable grounds for believing that such misconduct actually occurred. For illustration, this might be done by an affidavit of some person, reciting that a member of the jury had told them of misconduct, followed by affidavit of appellant or in his behalf to the effect that, though requested to do so, such juror had refused to make an affidavit thereto. This also might be done by any other method that would put the trial court on notice that misconduct had occurred. This is not done by a motion which tells the trial court, 'I think misconduct has occurred and, though unable to verify it, I want to examine the jury to determine whether or not such did occur.'

"In the case at bar, the motion for new trial alleged misconduct which, if it occurred, necessarily occurred within the jury room. The motion was sworn to by appellant, (in the case at bar the motion for new trial was not sworn to or otherwise authenticated in any manner) and his proposed amendment would have added only the additional affidavit that he was unable to secure the affidavit of a juror. Read thusly, would the motion have given the trial court notice that misconduct had taken place? We think not. The trial court could just as logically deduce from such a motion that appellant's inability to secure the affidavit of a juror grew out of the fact that all the jurors had denied the grounds stated in the motion."

See also Fontenot v. State, Tex.Cr.App., 426 S.W.2d 861; Burris v. State, 161 Tex. Cr.R. 210, 276 S.W.2d 260 and Kizzee v. State, 166 Tex.Cr.R. 191, 312 S.W.2d 661.

■ However, we have examined the alleged misconduct and conclude no error is presented. Appellant first contends that the jury discussed the appellant's failure to testify during its deliberations. Juror Graham testified that the appellant's failure to take the stand "was mentioned briefly and the conversation ceased." The jury's conversation was not of such a nature as to require reversal. In Beets v. State, 154 Tex.Cr.R. 275, 226 S.W.2d 853, we said:

"'A bare allusion in the jury room to defendant's failure to testify when immediately suppressed will not of itself cause the judgment of conviction to be set aside.' Branch's Ann.Tex.P.C., p. 293, sec. 569, and cases cited, namely: Leslie v. State, Tex.Cr.App., 49 S.W. 73; Mason v. State, Tex.Cr.App., 81 S.W. 718; Parrish v. State, 48 Tex.Cr.R. 347, 88 S.W. 231; Jenkins v. State, 49 Tex. Cr.R. 457, 461, 93 S.W. 726, 122 Am.St. Rep. 809; Johnson v. State, 53 Tex.Cr.R. 339, 340, 109 S.W. 936; Powers v. State, 69 Tex.Cr.R. 494, 154 S.W. 1020; Pullen v. State, 70 Tex.Cr.R. 156, 156 S.W. 935, 937; Veach v. State, 71 Tex.Cr.R. 181, 159 S.W. 1069; Cooper v. State, 72 Tex. Cr.R. 266, 162 S.W. 364; Coffman v. State, 73 Tex.Cr.R. 295, 165 S.W. 939; Howard v. State, 76 Tex.Cr.R. 297, 174 S.W. 607."

■ Appellant also contends that juror Graham was guilty of misconduct because she examined a coke machine during the course of the trial. She testified that she looked at a coke machine at "Huff's Gallery" (not the burglarized premises) while she was there for other purposes. She stated that from her observations she concluded that a person could only get to the money changer with a key to the machine or by breaking into it. She also testified that she did not go specifically to look at the coke machine and that she did not know whether it was the same type of machine

as the burglarized one. There is no showing that she communicated her observations to the jury panel. We conclude that this does not constitute jury misconduct and that no error is shown.

Appellant's second and third grounds of error are overruled.

The judgment is affirmed.