SAM TANNER v. THE STATE.

No. 8028. Decided April 9, 1924.

Rehearing denied May 21, 1924.

**1.—Selling Intoxicating Liquor—Continuance—Impeaching Evidence.**

Where the application for continuance not only showed want of diligence but demonstrated the immateriality of part of the testimony, and that most of it was of an impeaching character, and in the absence of an affidavit of the absent witness the overruling of the application is upheld.

**2.—Same—Transcript—Special Term.**

Special terms of the District Courts are legal and authorized by statutes, and where the first time in this court appellant asserted that it was not shown by the transcript that the necessary formalities were observed in calling said special term, there is no reversible error.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully selling intoxicating liquor the evidence supported the conviction, there is no reversible error.

**4.—Same—Rehearing—Transcript—Special Term of Court—Issue of Fact.**

Where the only contention in the motion for rehearing is that the transcript does not show the authority by which or the manner in which the court below called the special term during which this trial was had, the same must be overruled, as an issue of fact is thus raised which cannot be tried in this court.

**5.—Same—Jurisdiction—Special Term.**

Where appellant was charged with a felony in Jones County by indictment apparently at the regular term of the District Court in said county and convicted therein at a special term of said court and went to trial without objection, this court is compelled to presume that all necessary steps were taken in order to make said special term legal. Following: Wilson v. State, 223 S. W., 221; Mayhew v. State, 69 Texas Crim. Rep., 187, and other cases.

Appeal from a Special Term of the District Court of Jones. Tried below before the Hon. W. R. Chapman.

Appeal from a conviction of selling intoxicating liquor; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*W. S. Murchison,* for appellant.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Jones County of selling intoxicating liquor, and his punishment fixed at five years in the penitentiary.

There is but one bill of exceptions in the record and in it complaint is made of the refusal of a continuance. The indictment herein was returned in July, 1922, and on January 22, 1923, an application for continuance was made by the defense. Lee, Finley, Wilson, Farencamp, Green and Buchanan were the absent witnesses. As showing diligence it was stated that a subpoena for the first four named was asked for on December 22, 1922, and thereafter issued and duly served. As to the two last witnesses named, it was averred in the motion for continuance that their testimony only became known to the accused on the day of the making of the application; it was also stated that appellant received his information as to the testimony which would be given by the last two witnesses, from one Stubbs. It is shown in the record that upon the hearing of this motion the court reset the case for January 31, 19_3. If additional process was then asked for Wilson, this fact is not shown.

On February 2, 1923, another application for continuance was made alleging the absence of Wilson, Green, and Cope. This continuance was granted, the only diligence appearing in the application for Wilson being the service of the same subpoena referred to and set out in the motion for continuance made on January 22nd, to-wit: a subpoena served on January 6th. The sickness of each witness named in this latter application, was averred as an excuse for absence. The continuance was general. If process of any character was then asked for any of said witnesses, this fact does not appear.

From the caption of the transcript we learn that the trial herein was had at a special term of the District Court of Jones County which convened on March 3, 1923, and adjourned April 21st thereafter. That appellant had due notice and corresponded with his witnesses relative to their attendance, appears. On April 2, 1923, another continuance was asked, the same being because of the absence of Wilson, Green and Cope. We again observe that the only diligence as to Wilson was the same subpoena (the one served on January 6, 1923) set up and relied on in the two former applications. The statement of this fact obviates need for further analysis on our part to demonstrate lack of legal diligence as to Wilson. The order overruling the motion for continuance sets out that the learned trial judge then offered to direct an attachment for Cope who lived in the adjacent county of Stonewall, but it is not made to appear that the offer of the court was accepted or that any attachment was issued for Mr. Cope. An attachment telephoned to the officers of Stonewall County before the beginning of the trial would probably have secured the presence of Mr. Cope. As to the witness Green, it appears that he was served with process first on January 26th, after the first application for continuance was presented. His subsequent absence in February when a continuance was granted partly because of his absence, is shown. If any other process for him was then asked, that fact is not revealed. The application made in April sets out Green's testimony, most of which would serve only to contradict the State witness Knight as to certain testimony stated in the application as that which Knight would give upon the trial, but which the statement of facts herein shows that Knight did not give on this trial. This demonstrates the immateriality of that part of the testimony of Mr. Green. Substantially the only other testimony expected from this witness pertained to statements of Knight alleged to have been made by him to Green. If present the only effect of such testimony would be to impeach Knight. The decisions of our courts seem practically harmonious in holding that a continuance will not be granted to obtain impeaching testimony. Mr. Vernon collates many decisions in subdivision 25 of Art. 608 of his C. C. P.

As affecting the correctness of the overruling of the motion for new trial asked for chiefly because of the refusal of said continuance, we

note that the statement of facts does not show that the witness Knight was asked any question by appellant relative to the matters stated as those expected from Mr. Green if present. If Knight had been asked as to such statements, he might have admitted making them and appellant would have thus received the full benefit thereof. At least the verity of appellant's claim that he wished to show by Green that Knight had made such statements, would have had some support. We also observe that the information had by appellant as to the testimony expected from Green, came to appellant from one Stubbs. It was not made to appear that appellant had ever seen or talked to the witness Green. No affidavit of Stubbs appears in the record verifying the fact that Green had ever given him ground for the information furnished appellant. We are forced to uphold the action of the learned trial court in refusing the continuance.

For the first time in this court appellant asserts that it is not shown by the transcript that any of the formalities necessarily attendant upon the calling of a special term of the District Court, were observed in reference to the trial term. No such question or plea was made in the lower court, and to raise such an issue here, a different and stronger showing would be necessary. Special terms of the District Courts are legal and authorized by statute and their decisions have often been upheld by this court.

The evidence in this case if believed by the jury would seem ample to support the conviction. The witness offered by the State affirmed his purchase of six gallons of whisky from appellant. Appellant denies making the sale. For the defense two witnesses were introduced besides appellant. Mr. Finley testified that in the latter part of May, 1922, he was with appellant in Abilene and some man introduced Knight to them. Witness says that later some one mentioned that if they needed anything to drink Knight could probably tell them where they could get it. He also affirms that Knight offered to sell him some whisky. This witness does not state who mentioned the fact that if they needed anything to drink Knight could probably tell them where they could get it. For aught we are informed by the testimony of this witness the person who made this statement might have been appellant himself. If the testimony of Knight be true and he had theretofore bought six gallons of whisky from appellant, it would not seem improbable that appellant might be able to impart such information. Defense witness Lee stated that he was present on the occasion in Abilene when some one introduced Knight to him. Mr. Lee gives no testimony whatever as to anyone saying that if they needed anything to drink Knight could probably furnish it. This is the substance of the testimony introduced for the defense, aside from that of the appellant himself. Notwithstanding he seems to have lived in the country for a good many years, no effort was made to show his reputation or

standing in the community. The jury are the judges of the credibility of the witnesses and the weight of their testimony, and this court rarely disturbs a verdict after the jury have passed on these questions which are peculiarly within their province.

Finding no error in the record, an affirmance must be ordered.

*Affirmed.*

### ON REHEARING.

## May 24, 1924.

LATTIMORE, JUDGE.—The only contention in this motion is that the transcript does not show the authority by which, or the manner in which, the court below called the special term during which this trial was had. Our statute, Article 929, C. C. P., goes no further than to require that the transcript contain all of the proceedings in the case. For an order of the court made prior to the convening of the trial term or contemporaneous therewith, to become an issue in any particular case, it would be necessary to raise such issues during the trial of that case and make a record thereof in the court a quo. Ours is not a nisi prius court and we are permitted to hear evidence in no matter save one touching our own jurisdiction, and matters presented here must appear in the record ordinarily.

Appellant was charged with a felony. The District Court alone has original jurisdiction in felony cases. He was indicted by a grand jury of Jones County apparently at a regular term of the District Court of said county for an offense committed therein. At a special term of the District Court in and for the same county he was thereafter convicted as is fully set out in the caption to the transcript in the case before us. He appeared and went to trial without objection to anything connected with the convening of said term. He raised no such question in his motion for new trial and attempts to raise it for the first time here. In Wilson v. State, 87 Texas Crim. Rep., 538, 223 S. W. Rep., 221, we said:

"We are compelled to presume that all necessary steps were taken in order to make said special term legal, in the absence of any pleading or proof to the contrary in the court below."

We think this sound and applicable.

None of the authorities cited by appellant refer to or discuss what the transcript should show. As touching the validity of a special term of court convened without notice, publication or written order see Mayhew v. State, 69 Texas Crim. Rep., 187, and authorities cited in Hickox v. State, 95 Texas Crim. Rep., 173, 253 S. W. Rep., 825.

The motion for rehearing will be overruled.

*Overruled*